UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN CODY, | : | CIVIL ACTION NO. |
|     Plaintiff, | | 3:02CV1789(SRU) |
| | : | |
| v. | | |
| | : | |
| CITY OF HARTFORD, et al. | | |
|     Defendants. | : | NOVEMBER 12, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL

### I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37, the Defendant respectfully moves the Court to enter an order compelling the Plaintiff to produce a copy of the videotape the Plaintiff watched as part of her preparation for her deposition.

This is an employment discrimination/retaliation case brought pursuant to §1983, ADEA and Title VII. During her deposition on May 2, 2003, the Plaintiff testified that she "watched a video on depositions" as part of her preparation. See Transcript of Plaintiff's Deposition at pp. 130-31, attached hereto as Exhibit "1."

Defendants' counsel forwarded letters to Plaintiff's counsel on October 16th and October 31st seeking production of the videotape. In a follow-up telephone conversation on November 3rd, Plaintiff's counsel agreed to produce a copy of the videotape, which notably, she

indicated

was a commercial tape. In a subsequent letter mailed that same day, however, Plaintiff's counsel reconsidered and is now claiming that the videotape is protected by the attorney-client privilege.

## II.  ARGUMENT AND AUTHORITIES

**A.        The Commercial Videotape the Plaintiff Watched as Part of her Deposition Preparation is Not Protected by the Attorney/Client Privilege.**

The Defendants are entitled to a copy of the videotape that the Plaintiff watched as part of her deposition preparation. It is well-settled under Connecticut law that the attorney/client privilege is not, in fact, a general protection of all transactions that involve an attorney and a client. Rather, what is privileged are the communications between client and attorney when made in confidence for the purpose of seeking or giving legal advice. Olson v. Accessory Controls & Equipment Corp., 254 Conn. 145, 158 (2000); Ullman v. State, 230 Conn. 698, 711, 713 (1994); Doyle v. Reeves, 112 Conn. 521, 523 (1931). See also Turner's Appeal, 72 Conn. 305, 315 (1899).

In this case, the commercial videotape that the Plaintiff watched as part of her preparation for her deposition fails to meet several of the requisite criteria of the attorney/client privilege: First, the videotape does not constitute a communication between client and

attorney. Rather, according to the Plaintiff's attorney, it is a commercial tape – which means that it was most likely created by a company for profit, and intended for a generic audience. Accordingly, even if the presenter in the videotape is, in fact, an attorney, no attorney/client relationship exists between him or her and the Plaintiff in this case.

Moreover, and perhaps most importantly, the information contained on the tape was not given for the purpose of rendering legal advice. The Plaintiff described the videotape as "a video on depositions"; "just an informative tape of what to expect"; "just a basic tape." Exhibit "1." Such general advice or tips on what to expect does not constitute *legal* advice.

**B.      The Commercial Videotape the Plaintiff Watched as Part of her Deposition Preparation is Also Not Protected by the Work Product Doctrine.**

Similarly, there is also nothing to suggest that the videotape is protected by the work product doctrine, since it apparently does not contain Plaintiffs' counsel's mental impressions or legal opinions relative to this case. Contra Sporck v. Peil, 759 F.2d 312, 315 (3rd Cir. 1985) (protecting, as work product, the selection and compilation of documents by counsel, since the very selection of a discrete grouping of documents from the vast universe of documents produced during discovery would reveal the impressions and strategy of counsel). Specifically, the Plaintiff's own description of the videotape as "a video on depositions"; "just an informative tape of what to expect"; "just a basic tape" would appear to preclude any argument that the tape contains Plaintiff's counsel's mental impressions or legal strategy in this case.

## **CONCLUSION**

For all the foregoing reasons, the videotape that the Plaintiff watched as part of her deposition preparation is not privileged from production. Accordingly, the Court should enter an order compelling the Plaintiff to produce a copy of the videotape to the Defendants.

**RESPECTFULLY SUBMITTED**

**DEFENDANTS, CITY OF HARTFORD, ROBERT RUDEWICZ, MARK RUDEWICZ AND MICHAEL MANZI**

By_____
    Lori Rittman Clark
    Federal Bar CT 19908
    Sabia & Hartley, LLC
    190 Trumbull Street, Suite 202
    Hartford, CT 06103
    Telephone: (860) 541-2077
    Facsimile: (860) 713-8944

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 12th day of November, 2003 to James S. Brewer, Esq., and Erin O'Neil-Baker, Esq., 818 Farmington Avenue, West Hartford, CT 06119.

 

                                                                                                            _____
                                                                                                             Lori Rittman Clark

E:\WPDOCS\City of Hartford\Cody\mol.mot.compel.wpd