UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV 26  A 11: 43

| | |
|---|---|
| ANN M. CODY, | : CIVIL ACTION NO. |
| PLAINTIFF, | : 3:02CV1789 |
| | : |
| vs. | : |
| | : |
| THE CITY OF HARTFORD, ET AL., | : |
| DEFENDANTS. | : November 24, 2003 |

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

I.   INTRODUCTION

This action is brought by plaintiff against defendants, who acting under color of state and federal law, charter, ordinance, regulation, custom or usage, have unlawfully violated plaintiff's constitutional rights to free speech, due process, equal protection, as well as discriminated against the plaintiff based upon her age and gender. This action arises under Title 42 U.S.C. §1983; the First and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621, et. seq., (hereinafter "ADEA"), as well as state common law claims of intentional infliction of emotional distress.

II.  ARGUMENT

   A.   The Trial Preparation Videotape is Protected by Attorney/Client Privilege

"Connecticut has a long-standing, strong public policy of protecting attorney-client communications." Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co., 249 Conn. 36, 48 (1999).

Connecticut recognizes, "the long-standing, strong public policy of protecting attorney-client communications. . . . the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice. . . . The privilege fosters full and frank communications between attorneys and their clients and thereby promotes the broader public interests in the observation of law and [the] administration of justice." (Citations omitted; internal quotation marks omitted.) Olson v. Accessory Controls & Equipment Corp., 254 Conn. 145, 156-57 (2000).

"It is important not to weaken the privilege with various exceptions because, as the United States Supreme Court has explained, even the threat of disclosure would have a detrimental effect on attorneys' ability to advocate for their clients while preserving their ethical duty of confidentiality." Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co., 249 Conn. 36, 48-49 (1999) (Quoting Hickman v. Taylor, 329 U.S. 495, 511 (1947) (where threat of disclosure, "inefficiency, unfairness, and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial . . . [causing] the interests of the clients and the cause of justice [to] be poorly served").

Connecticut has recognized that "the presence of certain third parties . . . who are agents or employees of an attorney or client, and who are necessary to the consultation, will not destroy the confidential nature of the communications." State v. Gordon, 197 Conn. 413, 424 (1985).

Few decisions address the discoverability of videotapes shown to plaintiffs prior to being deposed as privileged. But it appears that the case law supports privilege attaching to videotapes. See Marshall v. Quinn-L Equities, Inc., 1988 U.S. Dist. LEXIS 18541, *2 (N.D. Tex. 1988)

2

(denying defendants' motion to compel production of a video tape [which was] shown by counsel for plaintiffs to plaintiffs prior to plaintiffs' depositions.")

The videotape viewed by Plaintiff was procured by Plaintiff's counsel for the purpose of giving professional advice to Plaintiff. Contrary to Defendant's assertions, the fact that the videotape was purchased does not eviscerate the privilege. The purchasing of the videotape is analogous to the hiring of an outside expert to assist in the preparation of litigation as an agent of counsel. Preparation for depositions and trial is an essential element of litigation. If this court were to find that deposition and witness preparation are discoverable, it would work as a severe detriment on on attorneys' ability to advocate for their clients.

**B.     The Trial Preparation Videotape is Protected by the Work-Product Doctrine**

"The work product rule protects an attorney's interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs and countless other tangible and intangible items. Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation." (Internal quotation marks and citations omitted.) Ullmann v. State, 230 Conn. 698, 714-15 (1994). To be protected under this doctrine, the work of the attorney must be such that it forms an essential step in the procurement of data and must involve duties normally performed by attorneys. Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86, 95 (1967).

The videotape is also protected by the work product doctrine as it was given to Plaintiff by counsel with a view to the pending litigation. It forms an essential step in the procurement of data – i.e. accurate testimony by the Plaintiff. Finally, witness preparation involves duties normally performed by attorneys.

## CONCLUSION

For all of the foregoing reasons, the trial preparation videotape is privileged from production. Accordingly, Plaintiff requests that the court deny Defendants Motion to Compel.

THE PLAINTIFF,
ANN CODY

By _____
Erin I. O'Neil
818 Farmington Avenue
West Hartford, CT  06119
(860) 523-4055
Federal Bar # ct 23073
Her Attorney

## CERTIFICATION

This is to certify that the foregoing has been sent, postage pre-paid, on November 24, 2003 to all counsel and pro se parties of record:

Lori Rittman CLark
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Erin I. O'Neil