UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN CODY, | : | CIVIL ACTION NO. |
|     Plaintiff, | | 3:02CV1789(SRU) |
| | : | |
| v. | | |
| | : | |
| CITY OF HARTFORD, et al. | | |
|     Defendants. | : | DECEMBER 8, 2003 |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL**

**INTRODUCTION**

It is well-settled that the burden to establish the existence of privilege is on the party asserting it. See, e.g., Carrier v. The Home Ins. Co., 7 CSCR 823, 824-25 (Conn. Super. Ct. 1992). Plaintiff's Opposition Brief fails to establish that the commercial videotape Plaintiff watched as part of her deposition preparation is protected by either the attorney-client privilege or the work product doctrine. Accordingly, the Court should order the Plaintiff to produce a copy of the videotape.

**ARGUMENT AND AUTHORITIES**

**1.      The Commercial Videotape is Not Protected by the Attorney-Client
          Privilege.**

The commercial videotape at issue was not created by the Plaintiff's attorney. It was not created at the behest of the Plaintiff's attorney. It apparently does not include or

incorporate any of the facts or legal strategy specific to this case. In fact, the only connection between the Plaintiff's attorney and the videotape is this: The Plaintiff's attorney purchased the videotape and gave it to the Plaintiff to review as part of her deposition preparation.

  Plaintiff argues, in her Opposition Brief, that "[t]he purchasing of the videotape is analogous to the hiring of an outside expert to assist in the preparation of litigation as an agent of counsel." Opposition Brief, at p. 3. This is not, however, an apt analogy, since the videotape is entirely generic and was not created for this case. A more appropriate analogy would be a situation in which a client takes an otherwise unprotected piece of documentary evidence and gives it to her attorney for safekeeping. It is well-settled that such evidence does not become cloaked in the privilege simply because it has passed from client to attorney. See, e.g., SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 515 (D. Conn. 1976) ("Legal Departments are not citadels into which public, business or technical information may be placed to defeat discovery and thereby insure confidentiality.") The same principle should apply to a generic, commercial videotape passed from attorney to client.

  Moreover, even if the purchase of the videotape is somehow akin to the hiring of an outside expert, it does not necessarily follow that the videotape is protected by the attorney-client privilege. Specifically, while "[i]t is true that in some cases the attorney-client privilege may be extended to non-lawyers who are "employed to assist the lawyer in the rendition of professional legal services . . . [t]his extension of the privilege to non-lawyers . . . must be 'strictly confined within the narrowest possible limits consistent with the logic of its principle'

and should only occur when the communication was made in confidence for the purposes of obtaining legal advice from the lawyer." Blumenthal v. Drudge, 186 F.R.D. 236, 243 (D. D.C. 1999) (quotations omitted). Thus, "[i]f what is sought is not legal advice . . . or if the advice itself is the [expert's] rather than the lawyer's, no privilege exists." United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961). In this case, the videotape was procured for the value of its own advice, not to assist the Plaintiff's attorneys in providing their legal advice. Accordingly, the videotape is not covered by the attorney-client privilege. See Blumenthal, 186 F.R.D. at 243 (holding that communications between defendant and "litigation consultant" were not privileged, since the advice sought was the consultant's, not the lawyer's).

Finally, the case cited by the Plaintiff in her Opposition brief for the proposition that videotapes are protected from production is inapposite, and does nothing to change the calculus laid out above. (Opposition Brief, at p. 2). Specifically, in Marshall v. Quinn-L Equities, Inc., a videotape and an accompanying memorandum were the subject of a motion to compel based on Rule 612 of the Federal Rules of Evidence. Marshall, 1988 LEXIS 18541 (N.D. Tx. 1988) (attached hereto as Exhibit "1"). Since the defendant's motion was based on the argument that the videotape and memorandum had refreshed the plaintiffs' recollection prior to testifying, clearly that videotape incorporated the facts of the case and was also quite likely created by or at the behest of Plaintiff's counsel. See id. at *2-3. This is not the case here.

**2.        The Commercial Videotape is Also Not Protected by the Work Product Doctrine.**

The videotape is also not protected by the work product doctrine for similar reasons. Specifically, as the Plaintiff correctly states in her Opposition Brief, in order for the doctrine to apply, "the work of the attorney must be such that it forms an essential step in the procurement of data and must involve duties normally performed by attorneys." (Opposition Brief, p. 3 (citing Stanley Works v. New Britain Redevelopment Agy., 155 Conn. 86, 95 (1967)). The Plaintiff misapplies the test, however, by focusing on the videotape itself as "the work of the attorney." See Opposition Brief, p. 3. Instead, the only "work of the attorney" involved with the instant videotape is that he or she procured it from a commercial enterprise and then handed to the client for viewing. This hardly qualifies as "an essential step in the procurement of data." Accordingly, the videotape is also not protected from production by the work product doctrine.

## CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in the Defendants' moving papers, the Court should enter an order compelling production of the commercial videotape that the Plaintiff watched as part of her deposition preparation.

**RESPECTFULLY SUBMITTED,**

**DEFENDANTS, CITY OF HARTFORD, ROBERT RUDEWICZ, MARK RUDEWICZ AND MICHAEL MANZI**

By_____
      Lori Rittman Clark
      Federal Bar CT 19908
      Sabia & Hartley, LLC
      190 Trumbull Street, Suite 202
      Hartford, CT 06103
      Telephone: (860) 541-2077
      Facsimile: (860) 713-8944

## CERTIFICATION

  I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 8th day of December, 2003 to James S. Brewer, Esq., and Erin O'Neil-Baker, Esq., 818 Farmington Avenue, West Hartford, CT 06119.

                      _____
                      Lori Rittman Clark

E:\WPDOCS\City of Hartford\Cody\reply.brief.mot.compel.wpd