MARK D. MARSHALL, M.D., ET AL v. QUINN-L EQUITIES, INC., ETAL
Civil Action No. 3-87-1384-H and all related Quinn-L casesfiled, (CA-3-87-1589-H, CA-3-87-1873-H, CA-3-87-2113-H through CA-3-87-2133-H, CA-3-87-3068-H, CA-3-88-1153-H

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

1988 U.S. Dist. LEXIS 18541

December 30, 1988, Decided
December 30, 1988, Filed

CASE SUMMARY:

PROCEDURAL POSTURE: The matter was before the court on a motion to compel discovery filed by defendant.

OVERVIEW: The court granted defendant's motion to compel discovery for production for inspection and copying by defense counsel of the sworn statements of certain individuals because plaintiffs waived any objection to such production by using excerpts from such in opposition to motions for partial summary judgment. The court denied defendant's motion to compel discovery for production of a videotape and memorandum because there was nothing therein that was not protected by the attorney client privilege. The court granted defendant's motion to compel discovery for an order that required deposition witnesses to give testimony concerning certain meetings and conversations subject to certain provisions.

OUTCOME: The court granted defendant's motion to compel discovery for production for inspection and copying by defense counsel of the sworn statements of certain individuals and for an order that required deposition witnesses to give testimony concerning certain meetings and conversations. The court denied defendant's motion to compel discovery for production of a videotape and memorandum.

CORE TERMS: video tape, memorandum, conversation, attorney-client, deposition, required to testify, summary judgment, third parties, discoverable, inspection, lawsuit, excerpts, discovery, recollection, refreshing, partial, servants, refresh, memory, spouses

JUDGES: [*1] Tolle

OPINIONBY: JOHN B. TOLLE

OPINION: ORDER

Under authority of 28 U.S.C. § 636(b) and the Local Rules of this Court, the motion by defendant Jones, Walker, et al to compel discovery, filed November 4, 1988, was referred to the magistrate for hearing and determination. A hearing was held on December 19, 1988 and counsel for all parties were present. And having reviewed the said motion, as well as the response thereto, and having heard the arguments of counsel,

IT IS ORDERED that defendant's motion is granted in part and denied in part as follows:

1. Plaintiffs shall produce for inspection and copying by counsel for defendant the sworn statements of L. Don Campbell, Jr. and David A. Davis, as well as the documents referred to in an affidavit of Cecil S. Mathis which is dated November 14, 1988. It appears that plaintiffs have used excerpts from the statements of Campbell and Davis in their response to defendants' motions for partial summary judgment, and have further submitted the affidavit of Mathis in opposition to one or more of such motions for summary judgment. Mathis is presented as an expert witness, and his affidavit makes clear that he relied upon the documents to which he refers in[*2] the affidavit in formulating his opinions. In my view, plaintiffs have waived any objection to the production of the statements of Campbell and of Davis

1988 U.S. Dist. LEXIS 18541, *　　　　　　　　　　　　　　Page 5

by using excerpts from such in opposition to motions for partial summary judgment, and the documents referred to by Mathis, since they form a part of the basis for his expert opinion, are properly discoverable. The statements by Campbell and Davis, and the documents referred to in the affidavit of Cecil S. Mathis, shall be produced within thirty (30) days of the date of this order.

   2. Defendants' motion to compel production of a video tape and memorandum which have been shown by counsel for plaintiffs to plaintiffs prior to plaintiffs' depositions is denied. Defendants have submitted, in support of this motion, excerpts from depositions of some of the plaintiffs which suggest that the video tape and memorandum had served to refresh individual plaintiffs' recollections concerning facts of the case. Defendant therefore contends that the memorandum and video tape should be discoverable. In response to a request by the undersigned magistrate, plaintiffs submitted the video tape and memorandum for in camera inspection. I have completed[*3] that inspection and am of the opinion that there is nothing on the video tape or in the memorandum which is not protected by the attorney-client privilege. As noted above, counsel for defendants have suggested that certain witnesses have stated, in deposition, that the matters contained on the video tape and in the memorandum had the effect of refreshing that witness' recollection, and defendants therefore urge that the video tape and memorandum are properly discoverable pursuant to the provisions of Rule 612 of the Rules of Evidence. While it is impossible to know what particular matter on the video tape or in the memorandum had the effect of refreshing any witness' memory, I am satisfied from my review that neither the memorandum nor the video tape were prepared or used to refresh any witness' memory for the purpose of testifying, and am of the opinion that Rule 612 is thus inapplicable. Any interpretation of Rule 612 which would require the production of this video tape and memorandum would render the attorney-client privilege meaningless.

   IT IS FURTHER ORDERED that defendants' motion for an order which would require deposition witnesses to give testimony concerning certain[*4] meetings and conversations is granted. It appears from the representations of counsel that various meetings and conversations took place between persons who are now plaintiffs before they were plaintiffs, and between and among counsel for plaintiffs and certain plaintiffs and other persons. Some of the meetings were called by various potential plaintiffs for the purpose of deciding whether or not to proceed with this lawsuit, and others apparently were called by counsel for the express purpose of advising potential plaintiffs about the feasibility or chances of success of any lawsuit. It appears that counsel for plaintiffs have not permitted witnesses to testify about any such meetings or conversations. In order to facilitate discovery in this action, it is ordered that discovery as to those matters will be governed by the following provisions:

   A) Witnesses will be required to testify concerning conversations and meetings which took place between and among plaintiffs and potential plaintiffs at which counsel for plaintiffs were not present, except that witnesses will not be required to testify concerning any such conversation or meeting which occurred after these lawsuits were[*5] filed and which concerned only matters of trial strategy or advice of counsel;

   B) Witnesses will be required to testify concerning meetings between and among plaintiffs and potential plaintiffs and counsel for plaintiffs if, at such meetings, third parties were present. The term "third parties" does not include spouses of plaintiffs or of potential plaintiffs, or the agents, servants, or employees of counsel for plaintiffs;

   C) Plaintiffs may properly invoke the attorney-client privilege as to questions concerning any meetings which were attended only by counsel for plaintiffs, plaintiffs or potential plaintiffs, spouses of plaintiffs or of potential plaintiffs, or the agents, servants, or employees of counsel for plaintiffs. Plaintiffs have the burden of proof in establishing that no third parties were present at any meetings or during any conversations as to which the attorney-client privilege is invoked.

All relief not expressly granted herein is denied.

SIGNED this 30th day of December, 1988.

John B. Tolle

UNITED STATES MAGISTRATE