**FILED**

2004 JAN 16 P 12: 02

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT CT

| | | |
|---|---|---|
| ANN CODY, | : | CIVIL ACTION NO. |
|    Plaintiff, | | 3:02CV1789(SRU) |
| | : | |
| v. | | |
| | : | |
| CITY OF HARTFORD, et al. | | |
|    Defendants. | : | JANUARY 15, 2004 |

### DEFENDANTS' MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 45(c)(3)(A)(iv), the Defendant, City of Hartford ("Hartford"), respectfully moves the Court to quash the subpoena directed to Acting Police Chief Mark Pawlina ("Pawlina") and enter a protective order precluding the Plaintiff from taking Pawlina's deposition in this case. In support of this motion, Hartford represents that Pawlina has no personal knowledge of any of the issues in this case and is not implicated in any relevant documents.

Plaintiff's counsel has articulated two bases for seeking Pawlina's deposition in this case, neither of which is valid. First, Plaintiff's counsel believes that Pawlina supervised Community Service Officers, including Plaintiff, at the time that Plaintiff served as a Community Service Officer. This is not the case: Pawlina did not supervise Community

**ORAL ARGUMENT REQUESTED**

Service Officers while Plaintiff served in that capacity.  In fact, at the time of Plaintiff's transfer in October 2000, which transfer forms the crux of her Complaint, Pawlina was a Lieutenant overseeing Detectives in the Major Crimes Division.  It was not until February 14, 2001 – months after Plaintiff's transfer – that Pawlina was promoted to Captain overseeing the South District Community Service Officers.

Plaintiff's second reason for seeking to depose Pawlina is based on the erroneous assumption that Pawlina was in the chain of command that approved Plaintiff's transfer.  In fact, as noted above, at the time of Plaintiff's transfer, Pawlina was a Lieutenant in the Major Crimes Division, and as such, did not fall within the chain of command that either initiated or approved Plaintiff's transfer.  In short, Pawlina played no role whatsoever in the process.

Thus, Plaintiff's counsel's stated reasons for seeking Pawlina's deposition provide no valid basis for the deposition.  Since there is no conceivable basis for Pawlina's deposition in this lawsuit[1], Hartford requests the Court to quash the subpoena directed to Pawlina and enter a protective order precluding the Plaintiff from taking his deposition in this case.  The requested relief is necessary to relieve the City and Pawlina, the acting Chief of the Hartford Police Department, from the annoyance, oppression and undue burden and expense of having to attend

---

[1] Although Pawlina has been named as a defendant in other lawsuits brought by Plaintiff's counsel, he is not a defendant in this lawsuit.  Indeed, as stated above, Pawlina has no personal knowledge regarding the issues in this case.

a deposition in a case in which Pawlina has absolutely nothing relevant to add.

The undersigned certifies that on January 13, 2004, Attorney Jill Hartley forwarded a letter to Plaintiff's counsel, Erin O'Neil, explaining that her articulated bases for seeking Pawlina's deposition were untrue and invalid, and requesting that the deposition subpoena be voluntarily withdrawn by the close of business the following day. A copy of the letter is attached hereto as Exhibit "A." Attorney O'Neil has not, however, voluntarily withdrawn the deposition subpoena.

WHEREFORE, Hartford respectfully requests the Court to quash the subpoena directed to Pawlina and enter a protective order precluding the Plaintiff from taking his deposition in this case.

**RESPECTFULLY SUBMITTED**

**DEFENDANTS, CITY OF HARTFORD, ROBERT RUDEWICZ, MARK RUDEWICZ AND MICHAEL MANZI**

By_____
Jill Hartley
Fed. Bar No. CT 10570
Lori Rittman Clark
Federal Bar CT 19908
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
Telephone: (860) 541-2077
Facsimile: (860) 713-8944

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 15th day of January, 2004 to James S. Brewer, Esq., and Erin O'Neil, Esq., 818 Farmington Avenue, West Hartford, CT 06119.

_____
Lori Rittman Clark

E:\WPDOCS\City of Hartford\Cody\mot.protective.order.wpd

# SABIA & HARTLEY, LLC

ATTORNEYS AT LAW
190 TRUMBULL STREET
SUITE 202
HARTFORD, CONNECTICUT 06103-2205

RANDALL J. SABIA
JILL HARTLEY*
EDWARD C. TAIMAN, JR.

EILEEN C. MOSKEY
MICHAEL G. ALBANO**
JOHN P. SHEA, JR.
LORI RITTMAN CLARK

OF COUNSEL:
EILEEN G. FERRIS

\* ALSO ADMITTED IN MA
\*\* ALSO ADMITTED IN NY & NJ

TELEPHONE
(860) 541-2077

FACSIMILE
(860) 713-8944

WWW.SABIAHART.COM

January 13, 2004

**Via Facsimile (233-4215) Only**
Erin I. O'Neil, Esq.
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06119

    **Re:**    **Ann Cody v. City of Hartford, et al.; Civil Action No. 3:02CV1789 (SRU)**

Dear Erin:

    I am writing with respect to the deposition subpoena directed to Mark Pawlina. I have now confirmed with my client that Mark Pawlina was, at all relevant times, outside the Plaintiff's chain of command, and has no nexus to, or personal knowledge of, this case or the issues raised therein. Moreover, he is not implicated in any documents relevant to this lawsuit.

    You indicated during our telephone conversation that you have two bases for seeking Mark Pawlina's deposition. First, you believe that Mark Pawlina was a supervisor of Community Service Officers, including the Plaintiff, during the time period that the Plaintiff served as a Community Service Officer. This is not correct. In fact, at the time of Plaintiff's transfer in October, 2000, Mark Pawlina was a Lieutenant overseeing Detectives in the Major Crimes Division. It was not until February 14, 2001, months after the Plaintiff's transfer, that Mark Pawlina was promoted to Captain of the South District with responsibility for, *inter alia*, overseeing the South District Community Service Officers.

    Your second stated reason for seeking Mark Pawlina's deposition in this case is also incorrect. Specifically, you advised me that you believe that Mark Pawlina was above Captain Fallon in the chain of command with respect to the decision to transfer the Plaintiff. In fact, while Captain Fallon was the decision maker with respect to the Plaintiff's transfer, her transfer was ultimately approved through the chain of command by Kevin Jones. Mark Pawlina played no role in the process whatsoever.

Erin I. O'Neil
January 13, 2004
Page 2


    Based on the foregoing, there is no basis for taking Chief Pawlina's deposition in this case. Please advise me by the close of business tomorrow whether you will withdraw the deposition subpoena, barring which we will seek a protective order from the Court.

    I look forward to hearing from you.

                              Sincerely,

                              Jill Hartley

JH:dr

cc: Helen Apostolidis, Esq.

E:\WPDOCS\City of Hartford\Cody\corr\o'neil7.wpd

## Confirmation Report – Memory Send

```
                              Time     : 01-13-04  18:14
                              Tel line : 18607138944
                              Name     : SABIA & HARTLEY LLC
```

| | | |
|---|---|---|
| Job number | : | 871 |
| Date | : | 01-13  18:12 |
| To | : | 92334215 |
| Document pages | : | 03 |
| Start time | : | 01-13  18:12 |
| End time | : | 01-13  18:14 |
| Pages sent | : | 03 |
| Status | : | OK |

Job number   : 871              *** SEND SUCCESSFUL ***

---

**SABIA & HARTLEY, LLC**
ATTORNEYS AT LAW
190 TRUMBULL STREET
SUITE 202
HARTFORD, CONNECTICUT 06103-2205

RANDALL J. SABIA
JILL HARTLEY
EDWARD C. TAIMAN, JR.

EILEEN C. MOSKEY
MICHAEL G. ALBANO
JOHN P. SHEA, JR.
LORI RITTMAN CLARK

OF COUNSEL:
EILEEN G. FERRIS

TELEPHONE
(860) 541-2077

FACSIMILE
(860) 713-8944

### FACSIMILE TRANSMITTAL

**DATE:** 1/13/04

**TO:** Erin I. O'Neil, Esq.

**FACSIMILE NUMBER:** 233-4215

**FROM:** Jill Hartley, Esq.

**TOTAL NUMBER OF PAGES** (including this cover page): 3

**SUBJECT:** Ann Cody v. City of Hartford, et al
Civil Action 3:03CV1789(SRU)

**MESSAGE:**

IF THERE ARE ANY PROBLEMS RECEIVING THIS TELECOPY, PLEASE CONTACT OUR OFFICE AT (860) 541-2077 IMMEDIATELY.

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMITTAL IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT(S) NAMED ABOVE.

This transmittal may be a confidential attorney-client communication or may otherwise be privileged and confidential. If the reader of this transmittal is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this transmittal in error, and that a review, dissemination, distribution or copying of this transmittal, or the taking of any action in reliance on the contents of this transmittal, is strictly prohibited. If you have received this transmittal in error, please immediately notify Sabia & Hartley by telephone at (860) 541-2077, and return the original to us at the above address, via mail. We will gladly reimburse your telephone and postage expense for doing so. Thank you.