UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ANN CODY,** | : | CIVIL ACTION NO. |
| Plaintiff, | | 3:02CV1789(SRU) |
| | : | |
| v. | | |
| | : | |
| **CITY OF HARTFORD, et al.** | | |
| Defendants. | : | JANUARY 15, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

### I. INTRODUCTION

Defendant, City of Hartford ("Hartford") submits this memorandum in support of its Motion to Quash Subpoena and for a Protective Order regarding Plaintiff's deposition subpoena directed to Mark Pawlina ("Pawlina"), the Acting Chief of the Hartford Police Department.  This is an employment discrimination/retaliation case brought pursuant to §1983, ADEA and Title VII.  The Plaintiff alleges that in October 2000, she was transferred from her position as a Community Service Officer ("CSO"), based upon her age and gender, and in retaliation for certain sexual harassment complaints Plaintiff had made some eight years earlier.  On approximately January 5, 2004, Plaintiff served a subpoena on Pawlina, noticing his deposition for January 20th.  As set forth below, however, Pawlina has absolutely no

personal knowledge regarding the issues in this case and is not implicated in any relevant documents. Moreover, Plaintiff's counsel's two stated bases for seeking Pawlina's deposition are both invalid. Accordingly, the Court should quash the subpoena and enter a protective order precluding Pawlina's deposition in this case, in order to relieve the City and Pawlina from the annoyance, oppression and undue burden and expense of having to attend a deposition in a case in which Pawlina has absolutely nothing relevant to add.

## II. FACTS

On approximately January 5, 2004, Plaintiff served a subpoena on Pawlina, noticing his deposition for January 20, 2004. However, Pawlina, who was only recently made the Acting Chief of Police, has no apparent nexus to this case. Specifically, he has no personal knowledge of the issues raised in this case, and is not implicated in any relevant documents. Accordingly, Defendants' counsel contacted Plaintiff's counsel and inquired as to the basis for noticing Pawlina's deposition. Plaintiff's counsel provided two bases for seeking Pawlina's deposition in this case. First, Plaintiff's counsel believes that Pawlina supervised CSOs, including Plaintiff, at the time Plaintiff served as a CSO. This, however, is not the case: Pawlina did not supervise CSOs while Plaintiff served in that capacity. In fact, at the time of Plaintiff's transfer in October 2000, which transfer forms the crux of her Complaint, Pawlina was a Lieutenant overseeing Detectives in the Major Crimes Division – a completely separate and distinct Division within the Hartford Police Department. It was not until February 14, 2001 – months

after Plaintiff's transfer – that Pawlina was promoted to Captain of the South District with responsibility for, *inter alia*, overseeing the South District Community Service Officers.

Plaintiff's second reason for seeking to depose Pawlina is based on the erroneous assumption that Pawlina was in the chain of command that approved Plaintiff's transfer. In fact, as noted above, at the time of Plaintiff's transfer, Pawlina was a Lieutenant in the Major Crimes Division, and as such, did not fall within the chain of command that either effectuated or approved Plaintiff's transfer. In short, Pawlina played no role whatsoever in the process.

### III.  ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 26(c) provides that:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had . . .

Fed. R. Civ. P. 26(c).

In addition, Federal Rule of Civil Procedure 45(c)(3)(A) provides that:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> * * *
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(iv).

In this case, Plaintiff seeks to take the deposition of a witness who has no personal knowledge of the issues presented, and is not implicated in any of the relevant documents. Moreover, Plaintiff's counsel's own stated reasons for seeking Pawlina's deposition provide no valid basis for going forward. As such, the proposed deposition is "wholly irrelevant to the issues of this case" and "can have no possible bearing on the subject matter of this action." But see Leighr v. Beverly Enterprises-Kansas Inc., 164 F.R.D. 550, 552 (D. Kan. 1996) (denying motion for protective order where, unlike here, court could *not* conclude that proposed deposition was wholly irrelevant to issues of case or that deposition could have no possible bearing on subject matter of action). Since there is no conceivable basis for Pawlina's deposition in this lawsuit[1], Hartford requests the Court to quash the subpoena directed to Pawlina and enter a protective order precluding the Plaintiff from taking his deposition in this case. The requested relief is necessary to relieve the City and Pawlina, the acting Chief of the Hartford Police Department, from the annoyance, oppression and undue burden and expense of having to attend a deposition in a case in which Pawlina has absolutely nothing relevant to add.

---

[1]Although Pawlina has been named as a defendant in other lawsuits brought by Plaintiff's counsel, he is not a defendant in this lawsuit. Indeed, as stated above, Pawlina has no personal knowledge regarding the issues in this case.

### III. CONCLUSION

For all the foregoing reasons, the Court should quash the subpoena directed to Pawlina and enter a protective order precluding his deposition.

RESPECTFULLY SUBMITTED

**DEFENDANTS, CITY OF HARTFORD, ROBERT RUDEWICZ, MARK RUDEWICZ AND MICHAEL MANZI**

By_____
      Jill Hartley
      Fed. Bar No. CT 10570
      Lori Rittman Clark
      Federal Bar CT 19908
      Sabia & Hartley, LLC
      190 Trumbull Street, Suite 202
      Hartford, CT 06103
      Telephone: (860) 541-2077
      Facsimile: (860) 713-8944

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 15th day of January, 2004 to James S. Brewer, Esq., and Erin O'Neil, Esq., 818 Farmington Avenue, West Hartford, CT 06119.

_____
Lori Rittman Clark

E:\WPDOCS\City of Hartford\Cody\mol.mot.protective.order.wpd