**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANN CODY, | : | CIVIL ACTION NO. |
|     Plaintiff, | | 3:02CV1789(SRU) |
| | : | |
| v. | | |
| | : | |
| CITY OF HARTFORD; ROBERT RUDEWICZ, | | |
| IN HIS INDIVIDUAL AND OFFICIAL | | |
| CAPACITY AS ACTING CHIEF OF THE | | |
| HARTFORD POLICE DEPARTMENT; MARK | | |
| RUDEWICZ, IN HIS INDIVIDUAL AND | | |
| OFFICIAL CAPACITY AS SERGEANT OF THE | | |
| HARTFORD POLICE DEPARTMENT; and | | |
| MICHAEL MANZI, IN HIS INDIVIDUAL AND | | |
| OFFICIAL CAPACITY AS LIEUTENANT OF | | |
| THE HARTFORD POLICE DEPARTMENT | | |
|     Defendants. | : | February 24, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

**I.  INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, City of

Hartford, Robert Rudewicz, Mark Rudewicz and Michael Manzi (collectively, "Defendants")

move to dismiss portions of the Prayer for Relief contained in Plaintiff's Second Amended

Complaint dated January 30, 2004. ("Second Amended Complaint").

This case involves claims of employment discrimination and retaliation brought

pursuant to §1983, ADEA and Title VII.  Plaintiff, who is a police officer with the City of

Hartford Police Department, alleges that she was transferred from her position as a Community

Service Officer to the Patrol Division.  Second Amended Complaint, Count One, ¶ 15.  Plaintiff

maintains that this transfer was due to her age, gender and was the result of sexual harassment

complaints she had made.  Second Amended Complaint, Count One, ¶¶ 28-31.  Plaintiff has

sued her employer, the City of Hartford ("City"), as well as the individuals who allegedly

played a role in her transfer, Robert Rudewicz, Mark Rudewicz and Michael Manzi.  See

Second Amended Complaint, generally.  Plaintiff seeks punitive damages against all

Defendants, including the City.  See Paragraph (e) of Plaintiff's Prayer for Relief.  Plaintiff also

seeks to hold all Defendants liable for violations of Conn Gen. Stat. §§ 46a-60 et seq.,

notwithstanding the fact that the Second Amended Complaint fails to include a count setting

forth the elements of this claim.  See Paragraphs (b) and (d) of Plaintiff's Prayer for Relief.

The City now moves to dismiss that portion of the Prayer for Relief that seeks punitive

damages against it, because a municipality cannot be held liable for punitive damages under

either 42 U.S.C. §1983 or §1988.  The Defendants also move to dismiss those portions of the

Prayer for Relief that seek injunctive relief and damages against them pursuant to Conn. Gen.

Stat. §§46a-60 et seq., since the Plaintiff has failed to allege any of the elements of this claim.[1]

## II.  ARGUMENT AND AUTHORITIES

### A.    Movants' Burden On Motion to Dismiss.

When considering a motion to dismiss under Rule 12(b)(6), the court presumes all

---

[1]    Moreover, the individual defendants may not, at any rate, be held liable under this statute.  See
Perodeau v. City of Hartford, 259 Conn. 729, 761 (2002).

factual allegations in the complaint to be true and draws every reasonable inference from these

allegations in favor of the opposing party.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974);

Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1992).  The issue on a motion to dismiss

is not whether the plaintiff will prevail but whether the plaintiff is entitled to offer evidence to

support his or her claims.  Hall v. United Technologies, Corp., 872 F. Supp. 1094, 1096 (D.

Conn. 1995).  A court may dismiss a complaint where "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also Still v. Debuono, 101 F.3d 888, 891 (2d

Cir. 1996) (same).  The Court must eschew ". . . any reliance on bald assertions, unsupportable

conclusions, and 'opprobrious epithets.'"  Lindner Dividend Fund, Inc. v. Ernst & Young, 880

F. Supp. 49, 53 (D. Mass. 1995) (quoting Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st

Cir. 1987), cert. denied, 483 U.S. 1021 (1987)).

        This Motion should be granted for the following two reasons.  First, Plaintiff can prove

no set of facts that would entitle her to recover punitive damages against the City on her §1983

or §1988 claims, since neither of these statutes allow for the recovery of punitive damages

against a municipality.  Moreover, Plaintiff has failed to allege a cause of action in support of

claims for relief under Conn. Gen. Stat. §§46a-60 *et seq.*

**A.** **Plaintiff's Prayer For Punitive Damages Against The City Under 42 U.S.C. §§1983 and 1988 Must Be Dismissed Because Neither Of These Statutes Allows for Imposition of Punitive Damages Against A Municipality.**

Plaintiff's prayer for punitive damages must be dismissed as to the City because neither

§ 1983 or §1988 permit the imposition of punitive damages on a municipality.[2]  See, e.g., City

of Newport v. Fact Concerts, Inc., 453 U.S. 247, 268-271 (1981) (punitive damages are not

recoverable against municipalities for alleged violations of §1983); Dill v. Village of Gowanda,

952 F. Supp. 989, 995 (W.D.N.Y. 1997) (Section 1988 primarily addressed to the availability

of an award of attorneys' fees to the prevailing party in a §1983 action).  Accordingly,

Paragraph (e) of the Prayer for Relief as against the City should be dismissed.

> **B.      Plaintiff's Prayer For Injunctive And Other Relief Under Conn. Gen. Stat. §§ 46a-60 _et seq._ Must Be Dismissed Because Plaintiff Has Not Alleged Any Causes Of Action Based Upon This Statute.**

In the Prayer for Relief, Plaintiff asks that Defendants "be permanently enjoined from

discriminating against plaintiff on any basis forbidden by Conn. Gen. Stats. §§ 46a-60 _et. seq._"

Second Amended Complaint at p.10.  Plaintiff also seeks damages for pain and suffering

pursuant to Conn. Gen. Stat. §§ 46a-60 _et seq._  Id.  Because Plaintiff has not alleged any cause

of action under this state statute,[3] however, there is no basis for the injunctive relief or damages

sought by Plaintiff in Paragraphs (b) and (d) of the Prayer for Relief.  Accordingly, Paragraphs

(b) and (d) of the Prayer for the Relief should be dismissed.

---

[2]ADEA also does not allow for the imposition of punitive damages against a municipality.  Vernon v. Port Authority of New York and New Jersey, 154 F. Supp. 2d 844, 860-861 (S.D.N.Y. 2001) (liquidated damages, as form of punitive damages, are not recoverable against Port Authority as governmental entity created by a bi-state compact because municipalities are immune from punitive damages under ADEA).

[3]Plaintiff's Complaint is limited to purported causes of action for claimed violations of

### III.  CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Dismiss should be granted in its entirety.

**DEFENDANTS, CITY OF HARTFORD, ROBERT RUDEWICZ, MARK RUDEWICZ AND MICHAEL MANZI**

By_____
       Jill Hartley
       Federal Bar CT 10570
       Lori Rittman Clark
       Federal Bar CT 19908
       Sabia & Hartley, LLC
       190 Trumbull Street, Suite 202
       Hartford, CT 06103
       Telephone: (860) 541-2077
       Facsimile: (860) 713-8944

---

§ 1983 (Counts One and Two), and violation of the ADEA (Count Three).

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 24th day of February, 2004 to James S. Brewer, Esq. and Erin O'Neil, Esq., 818 Farmington Avenue, West Hartford, CT 06119.

_____
Lori Rittman Clark

E:\WPDOCS\City of Hartford\Cody\mol.mot.dismiss.feb04.wpd