UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN CODY, | : | CIVIL ACTION NO. |
|    Plaintiff, | | 3:02CV1789 (SRU) |
| | : | |
| v. | | |
| | : | |
| CITY OF HARTFORD, et al. | | |
|    Defendants. | : | FEBRUARY 26, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

### I. INTRODUCTION

Pursuant to Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure, the Defendants respectfully move the Court to enter a Protective Order with respect to the deposition of Mark Pawlina ("Pawlina"), the acting Chief of the Hartford Police Department ("HPD"), which has been noticed for March 1, 2004. Specifically, the Defendants request the Court to enter an Order requiring that, to the extent that Plaintiff's counsel intends to engage in cross-discovery by questioning Pawlina about other pending cases in which Pawlina is named as a defendant, or by questioning Pawlina about other cases brought by individuals represented by Plaintiff's counsel in this case against the City of Hartford ("City"), in which the City is not being represented by the undersigned, Plaintiff's counsel be required to disclose in advance the names of such other cases and notify counsel representing Pawlina and/or the City in those actions of the deposition. In the alternative, the Defendants request the Court to enter an Order

directing that such cross-discovery not be had.

The undersigned counsel hereby certifies that she has in good faith conferred with Plaintiff's counsel regarding this motion, but that they were unable to resolve this dispute.

## II.  FACTS

At the deposition of the Defendant, Mark Rudewicz ("Rudewicz"), which was held on January 23, 2004, Plaintiff's counsel persisted in asking Rudewicz questions pertaining solely to another lawsuit unconnected to the instant action, Fago v. City of Hartford, et al., in which Rudewicz is a Defendant and is represented by different counsel than in this case.[1]  The undersigned counsel objected to this practice, on the record, and asked for a short break from the deposition in order to contact Rudewicz's counsel in the Fago case, to give him the opportunity to be present for any questions regarding that case.  Plaintiff's counsel would not accommodate this request and, instead, adjourned the deposition.  Plaintiff's counsel subsequently requested that the undersigned produce Rudewicz for a second time in order to complete the deposition that Plaintiff's counsel had previously terminated for no valid reason.[2]

---

[1]  For example, Plaintiff's counsel asked Rudewicz about his experiences in working with the Plaintiff in the Fago suit, who has no connection whatsoever with the instant suit.

[2]  The undersigned's refusal to produce Rudewicz a second time for a deposition that could have, and should have, been completed on the first day, is the subject of Plaintiff's Motion to Compel Defendant's Deposition and for Sanctions dated February 20, 2004.

Plaintiff's counsel has now noticed Pawlina's deposition for March 1, 2004. Pawlina is not a defendant in this lawsuit, and has no personal knowledge of the events giving rise to it. Pawlina is, however, a defendant in the <u>Fago</u> suit and his deposition in that case has commenced but has not yet been completed. Based upon these facts, and the dispute that arose during the recent deposition of Rudewicz, the undersigned is concerned that Plaintiff's counsel will again use a deposition in this case as an opportunity to question the witness about other lawsuits in which Pawlina and/or the City are defendants, and in which the undersigned does not represent them.

### III. ARGUMENT AND AUTHORITIES

#### A. Standard

Pursuant to Rule 26(c), "[u]pon motion by a party or by the person from whom discovery is sought, . . . on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (2) that the disclosure or discovery may be had only on specified terms and conditions . . . (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . ."

**B.    Plaintiff's Counsel Should Not Be Allowed To Ask A Deponent Questions Regarding Other Lawsuits In Which The Deponent Or The City Is A Defendant Unless Counsel Representing The Deponent And/Or The City In The Other Lawsuits Are Given An Opportunity To Be Present.**

Plaintiff's tactic of noticing the deposition of a witness in one case, and then asking questions pertaining to an unrelated case in which the deponent is represented by different counsel, runs afoul of the spirit, if not the letter, of Rule 4.2 of the Rules of Professional Conduct. Specifically, Rule 4.2 states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Rules of Professional Conduct 4.2.[3]

This rule is designed to "prevent situations in which a represented party may be taken advantage of by opposing counsel." Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 236 (1990) (citation omitted).

Clearly, a situation in which an attorney notices a deposition in one case, and then proceeds to ask questions regarding an unrelated case in which the witness is a defendant, without counsel for the witness in the unrelated case present, is exactly the type of situation

---

[3]   Pursuant to Local Rule of Civil Procedure 83.2(a), this Court recognizes the authority of the "Rules of Professional Conduct," as approved by the Judges of the Connecticut Superior Court as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut.

Rule 4.2 was designed to preclude. Because the same risk of prejudice exists where an attorney notices a deposition in one case, and then asks questions germane to an unrelated case in which the same party is a defendant but is represented by different counsel, this behavior should also be precluded.

Notably, at least one district court has sanctioned conduct strikingly similar to that in which Plaintiff's counsel has previously engaged and in which he is expected to engage in Pawlina's deposition. See Parker v. Pepsi-Cola General Bottlers, Inc., 249 F.Supp.2d 1006, 1013 (N.D. Illinois 2003). In the Parker case, counsel for Pepsi subpoenaed and deposed one of the plaintiffs in that case as a non-party witness in another employment discrimination case involving Pepsi. Counsel for Pepsi did not notify the Parker plaintiff's attorney of the deposition and posed questions to the witness about his claims against Pepsi in the Parker case. The district court ruled that this conduct violated Rule 4.2, and ordered appropriate sanctions.

## IV. **CONCLUSION**

For all the foregoing reasons, the Defendants request the Court to enter an Order requiring that, to the extent that Plaintiff's counsel intends to engage in cross-discovery by questioning Pawlina about other pending cases in which Pawlina is named as a defendant, or by questioning Pawlina about other cases brought by individuals represented by Plaintiff's counsel in this case against the City of Hartford ("City"), in which the City is not being represented by the undersigned, Plaintiff's counsel be required to disclose in advance the names of such other

cases and notify counsel representing Pawlina and/or the City in those actions of the deposition. In the alternative, the Defendants request the Court to enter an Order directing that such cross-discovery not be had.

                              **DEFENDANTS, CITY OF HARTFORD, ROBERT RUDEWICZ, MARK RUDEWICZ AND MICHAEL MANZI**

By_____
      Jill Hartley
      Federal Bar CT 10570
      Lori Rittman Clark
      Federal Bar CT 19908
      Sabia & Hartley, LLC
      190 Trumbull Street, Suite 202
      Hartford, CT 06103
      Telephone: (860) 541-2077
      Facsimile: (860) 713-8944

## CERTIFICATION

I hereby certify that a copy of the foregoing was faxed and mailed, first class, postage prepaid, this 26th day of February, 2004 to James S. Brewer, Esq., and Erin I. O'Neil, Esq., 818 Farmington Avenue, West Hartford, CT 06119.

_____
Jill Hartley

E:\WPDOCS\City of Hartford\Cody\mol.mot.p.o.pawlina.wpd