UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 16  A 11: 59

U.S. DISTRICT COURT
HARTFORT. CONN

| | | |
|---|---|---|
| ANN M. CODY, | : | CIVIL ACTION NO. |
| PLAINTIFF, | : | 3:02CV1789(SRU) |
| | : | |
| vs. | : | |
| | : | |
| THE CITY OF HARTFORD, ROBERT | : | |
| RUDEWICZ, in his individual and official | : | |
| capacity as Acting Chief of the Hartford | : | |
| Police Department, MARK RUDEWICZ, | : | |
| in his individual and official capacity as | : | |
| Sergeant of the Hartford Police Department, | : | |
| MICHAEL MANZI, in his individual and official | : | April 15, 2004 |
| capacity as Lieutenant of the Hartford Police, | : | |
| DEFENDANTS. | : | (Previously dated:FEBRUARY 26, 2004) |

**THIRD AMENDED COMPLAINT**

**I.   PRELIMINARY STATEMENT**

This action is brought by plaintiff against defendants, who acting under color of state and federal law, charter, ordinance, regulation, custom or usage, have unlawfully violated plaintiff's constitutional rights to free speech, due process, equal protection, as well as discriminated against the plaintiff based upon her age and gender. The plaintiff also brings a state common law claim of intentional infliction of emotional distress.

**II.  NATURE OF ACTION**

This action arises under Title 42 U.S.C. §1983; the First and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621, et. seq., (hereinafter "ADEA").

1

### III. **JURISDICTION**

This court's jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, § 1343, § 1657, §2201 and § 2202; and the aforementioned constitutional provisions. Plaintiff further invokes Title 28 U.S.C. § 1367, the ancillary jurisdiction of this court to hear and decide the claim of intentional infliction of emotional distress arising under state law. The amount in controversy exceeds Fifteen Thousand Dollars ($15,000.00), excluding interests and costs.

### IV. **CAUSES OF ACTION**

**COUNT ONE:    VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS**

1. During all times material to this complaint, the plaintiff, ANN M. CODY, was a citizen of the United States, and resident of the State of Connecticut.

2. During all times material to this complaint, the defendant, ROBERT RUDEWICZ ("Acting Chief Rudewicz"), was the duly appointed Acting Chief of Police for the City of Hartford Police Department, and is sued in his official and individual capacity.

3. During all times material to this complaint, the defendant, MARK RUDEWICZ ("Sergeant Rudewicz"), was a Sergeant for the City of Hartford Police Department, and is sued in his official and individual capacity.

4. During all times material to this complaint, the defendant, MICHAEL MANZI ("Lt. Manzi"), was a Lieutenant at the City of Hartford Police Department, and is sued in his official and individual capacity.

5. In December, 1983, the plaintiff was hired by the Hartford Police Department as a

Police Officer.

6. The plaintiff was assigned to the Community Response Division as a Community Service Officer ("CSO") from 1993 until October, 2000.

7. On December 18, 1992, the plaintiff filed a Hartford Police Union grievance for sexual harassment.

8. On December 30, 1992, the plaintiff requested that Assistant Chief James Meehan formally investigate two incidents involving sexual harassment which occurred on September 15, 1992 and December 15, 1992.

9. The plaintiff had an unblemished employment record for seventeen years prior to October, 2000.

10. Prior to October 2000, the plaintiff worked for seven years as a CSO, with an unblemished work record.

11. On October 17, 2000, Sergeant Rudewicz issued a report of disciplinary infraction against the plaintiff for allegedly failing to attend a court appearance on October 16, 2000.

12. On October 18, 2000, Sergeant Rudewicz issued a report of disciplinary infraction against the plaintiff for allegedly failing to attend a Problem Solving Meeting on October 16, 2000.

13. On October 20, 2000 the plaintiff was called to the Community Response Division by Sergeant Mark Rudewicz and was informed that they were going to meet with Lieutenant Manzi in his office.

14. Present at this meeting were the plaintiff's supervisors, Sergeant Rudewicz, Lieutenant Manzi, Captain Fallon and the plantiff.

15. During the meeting the plaintiff was informed that she was being transferred from the Community Response Division to the Patrol Division, effective October 29, 2000.

16. The Community Response Division was a coveted position in the Department.

17. During the meeting, Lieutenant Manzi stated that "we need a younger guy more dynamic for this position", referring to the Community Response Division.

18. Lt. Manzi stated the CSO Officer position "in the future may be designed for a newer officer."

19. On October 23, 2000 Acting Chief Robert Rudewicz issued an oral reprimand against the plaintiff for allegedly failing to attend a court appearance on October 16, 2000.

20. On October 23, 2000 Acting Chief Robert Rudewicz issued an oral reprimand against the plaintiff for allegedly failing to attend a Problem Solving Meeting on October 16, 2000.

21. The plaintiff filed a grievance for her involuntary transfer.

22. On October 25, 2000, the plaintiff requested that Acting Chief Robert Rudewicz investigate the discriminatory practices which occurred at the October 20, 2000 meeting.

4

23. On October 27, 2000, Acting Chief Robert Rudewicz cited the plaintiff in an interdepartmental memorandum for recognition of excellent performance in the Community Response Division.

24. The plaintiff was recognized on October 24, 2000, by the Honorable Raymond Norko for her hard work and commitment to enforcing "quality of life" crimes.

25. The plaintiff's work was not called into question until one year prior to the transfer when Sergeant Rudewicz became her supervisor.

26. Sergeant Rudewicz preferred to work with male officers.

27. Sergeant Rudewicz gave preferential treatment to males, specifically, overtime was given to males in the division instead of females.

28. At the time of the transfer the plaintiff was over forty (40) years old.

29. The plaintiff was transferred in part because she was female.

30. The plaintiff was transferred in part because of her age.

31. The plaintiff has been subjected to an ongoing hostile work environment which includes continued harassment, intimidation and retaliation because of her gender and in retaliation for filing complaints in 1992 and 2000.

32. The acts of the defendants, under color of law, by virtue of their authority as Police supervisors and public servants and as private collaborators with the government of the City of Hartford, herein alleged constitute a denial to the plaintiff her rights to free speech and association and to seek redress from the government without retaliation as guaranteed to her by the First Amendment to

the United States Constitution.

33. The acts of the defendants, under color of law, by virtue of by virtue of theirs authority as Police supervisors and public servants and as private collaborators with the government of the City of Hartford, herein alleged constitute a denial to the plaintiff her substantive and procedural due process rights as guaranteed to her by the Fourteenth Amendment to the United States Constitution.

34. The acts of the defendants, under color of law, by virtue of their authority as Police supervisors and public servants and as private collaborators with the government of the City of Hartford, herein alleged constitute a denial to the plaintiff of the equal protection of the laws guaranteed to her by the Fourteenth Amendment to the United States Constitution.

35. Defendants' actions were willful, intentional and done in spite of their actual knowledge or in reckless disregard of plaintiff's constitutional rights.

36. Defendants are not privileged in their actions by either qualified or absolute immunity.

37. Such actions abridged rights secured to the plaintiff by Title 42 U.S.C. § 1983.

38. Plaintiff has on numerous occasions protested defendants' conduct to her supervisors who failed to act on her complaints.

39. The defendants knew, or should have known of, and stopped this immoral, unethical and repugnant treatment towards plaintiff.

40. The defendants' actions promoted a hostile work environment for the plaintiff in violation of the aforementioned constitutional and statutory provisions and entitle

6

    the plaintiff to immediate injunctive relief pursuant to the aforementioned jurisdictional statutes and constitutional protection.

41.  The defendants have not expressed any legitimate reason for discriminating against the plaintiff.

42.  It would be futile to address plaintiff's complaints to the same persons named as defendants in this suit, and who have been indifferent to the abusive atmosphere and complaints against defendants in the past.

43.  The actions of the defendant were and are extreme and outrageous, shocking to the sensibilities of any reasonable person and will continue unabated unless strictly prohibited by the court.

44.  The Plaintiff has been forced by the defendant's actions to undergo the expense of employing counsel to vindicate her civil rights.

**COUNT TWO:**  **VIOLATION OF 42 U.S.C. § 1983 AS TO CITY OF HARTFORD**

1-44.  Paragraphs 1 through 44 of the First Count are incorporated herein as paragraphs 1 through 44 of this Second Count.

45.  During all times material to this complaint, the defendant, CITY of HARTFORD is a municipality, duly incorporated under the laws of the State of Connecticut.

46.  The aforementioned actions of Sergeant Rudewicz, Acting Chief Rudewicz and Lieutenant Manzi became the custom, decisions, and policies of the City of Hartford for the purpose of violating the Plaintiff's rights and were the proximate cause of the aforementioned violations.

46.  The defendant, City of Hartford, failed to secure to the plaintiff,

7

unlawfully deprived the plaintiff, or caused the plaintiff to be unlawfully deprived of rights secured to him by the United States Constitution and by Title 42 United States Code §1983, et seq., in one or more of the following ways:

(a) Failure or refusal to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding personnel actions and discipline of officers;

(b) Failure or refusal to adequately supervise his supervisors in the performance of their duties and conduct toward employees;

(c) Failure or refusal to take appropriate investigatory, supervisory and, or, disciplinary action against City of Hartford supervisors with regard to the negligent, reckless, malicious, deliberate, indifferent, willful, intentional and unlawful conduct complained of.

47. Such conduct, and, or, policies, on the part of the defendant, City of Hartford, constituted a continuing and moving force behind the violation of the civil rights of the plaintiff and the injuries he has suffered, as fully and specifically described above.

**COUNT THREE:    VIOLATION OF THE ADEA**

1. Counts One and Two are hereby incorporated into this Count Three as is set forth herein.

2. Plaintiff was transferred and discriminated against, in part, because of her age in violation of the ADEA.

3. During the meeting on October 20, 2000, in which the plaintiff was notified of her

transfer, Lieutenant Manzi stated that "we need a younger guy more dynamic for this position", referring to the Community Response Division.

4. During the meeting on October 20, 2000, in which the plaintiff was notified of her transfer, Lt. Manzi stated the CSO Officer position "in the future may be designed for a newer officer."

5. At all relevant times, defendant, the City of Hartford was an "employer" as defined by the ADEA.

6. The defendant, the City of Hartford, is responsible and liable as an employer for the actions of the Defendants, Sergeant Rudewicz, Acting Chief Rudewicz, and Lieutenant Manzi toward the Plaintiff for the following reason: Acting Chief Rudewicz had real and apparent authority to make personnel decisions, thus, he is an "employer" within the meaning of the ADEA.

7. The plaintiff has satisfied all of the procedural and administrative requirements set forth in the ADEA, in particular:

   (a) Plaintiff filed a timely written charge of sex discrimination with the Connecticut Human Rights and Opportunities Commission (hereinafter "CHRO") on April 23, 2001;

   (b) Plaintiff filed a timely written charge of sex discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on April 23, 2001;

   (c) Plaintiff received a "Notice of Right to Sue" from the EEOC on July 8, 2002;

    (d)    Plaintiff received a "Release of Jurisdiction" from the CHRO on May 28, 2002.

8. This treatment also caused the Plaintiff severe emotional harm, depression, anxiety, lost wages, and damage to her reputation.

9. The plaintiff has suffered and will continue to suffer irreparable injury caused by defendant's illegal conduct.

**WHEREFORE**, plaintiff prays for the following:

a. Money damages in the amount of One (1) Million;

b. Attorney's fees and costs as provided by 42 U.S.C. §§ 1983, 1988;

d. Plaintiff prays for an award to compensate her for the pain and suffering and for the humiliation caused by defendants' unlawful treatment 42 U.S.C. §§ 1983 and the ADEA;

e. Plaintiff prays for an award of punitive damages in accordance with 42 U.S.C. §§ 1983, 1988, and the ADEA to punish the individual defendants for the willful and malicious misconduct and necessary to deter defendants from engaging in such misconduct in the future.

f. Plaintiff demands a trial by jury.

      THE PLAINTIFF
      ANN CODY

BY: _____
      Erin I. O'Neil
      Brewer & O'Neil, LLC
      818 Farmington Avenue
      West Hartford, CT 06119
      (860)523-4055
      Federal Bar #ct 23073

## CERTIFICATION

This is to certify that the foregoing has been sent, postage pre-paid, on April 15, 2004, to all counsel and pro se parties of record:

Jill Hartley
Lori Rittman Clark
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Erin I. O'Neil