UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN CODY, | : | CIVIL ACTION NO. |
|    Plaintiff, | | 3:02CV1789(SRU) |
| | : | |
| v. | | |
| | : | |
| CITY OF HARTFORD; ROBERT RUDEWICZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS ACTING CHIEF OF THE HARTFORD POLICE DEPARTMENT; MARK RUDEWICZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS SERGEANT OF THE HARTFORD POLICE DEPARTMENT; and MICHAEL MANZI, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS LIEUTENANT OF THE HARTFORD POLICE DEPARTMENT | | |
|    Defendants. | : | APRIL 14, 2004 |

**ANSWER TO THIRD AMENDED COMPLAINT**

**I.   PRELIMINARY STATEMENT**

Defendants deny the allegations contained in Section I of the Third Amended Complaint.

**II.   NATURE OF ACTION**

Defendants deny the allegations contained in Section II of the Third Amended Complaint.

### III. JURISDICTION

Defendants admit that this Court has jurisdiction over Plaintiff's claims allegedly arising under federal law. Defendants deny the remaining allegations contained in Section III of the Third Amended Complaint.

### IV. CAUSES OF ACTION

**COUNT ONE:    VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS**

1. That portion of Paragraph 1 of Count One which states "[d]uring all times material to this complaint" is denied. Defendants admit the remaining allegations contained in Paragraph 1 of Count One of the Third Amended Complaint.

2. That portion of Paragraph 2 of Count One which states "[d]uring all times material to this complaint" is denied. Defendants admit the remaining allegations contained in Paragraph 2 of Count One of the Third Amended Complaint.

3. That portion of Paragraph 3 of Count One which states "[d]uring all times material to this complaint" is denied. Defendants admit the remaining allegations contained in Paragraph 3 of Count One of the Third Amended Complaint.

4. That portion of Paragraph 4 of Count One which states "[d]uring all times material to this complaint" is denied. Defendants admit the remaining allegations contained in Paragraph 4 of Count One of the Third Amended Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of Count One of the Third Amended Complaint.

6. Defendants admit that Plaintiff was assigned to the Community Response Division as a Community Service Officer ("CSO") until October 2000. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 6 of Count One of the Third Amended Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Count One of the Third Amended Complaint.

8. Defendants admit that by a letter dated December 30, 1992, Plaintiff requested that Assistant Chief James Meehan formally investigate two alleged incidents of sexual harassment that Plaintiff claimed occurred on September 15, 1992 and on December 15, 1992. Defendants deny the remaining allegations contained in Paragraph 8 of Count One of the Third Amended Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of Count One of the Third Amended Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of Count One of the Third Amended Complaint.

11. Defendants admit that on October 17, 2000, Sergeant Rudewicz submitted a Report of Disciplinary Infraction against Plaintiff for failing to attend a court appearance on

October 16, 2000. Defendants deny the remaining allegations contained in Paragraph 11 of Count One of the Third Amended Complaint.

12. Defendants admit that on October 18, 2000, Sergeant Rudewicz submitted a Report of Disciplinary Infraction against Plaintiff for failing to attend a Problem Solving Meeting on October 16, 2000. Defendants deny the remaining allegations contained in Paragraph 12 of Count One of the Third Amended Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of Count One of the Third Amended Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of Count One of the Third Amended Complaint.

15. Defendants lack sufficient information to admit or deny that portion of Paragraph 15 that states "effective October 29, 2000." Defendants admit the remaining allegations contained in Paragraph 15 of Count One of the Third Amended Complaint.

16. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of Count One of the Third Amended Complaint and therefore deny same and leave Plaintiff to her proof.

17. Defendants deny the allegations contained in Paragraph 17 of Count One of the Third Amended Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of Count One of the Third Amended Complaint.

19. That portion of Paragraph 19 that states "allegedly" is denied. Defendants admit the remaining allegations contained in Paragraph 19 of Count One of the Third Amended Complaint.

20. That portion of Paragraph 20 that states "allegedly" is denied. Defendants admit the remaining allegations contained in Paragraph 20 of Count One of the Third Amended Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of Count One of the Third Amended Complaint.

22. Defendants admit that Plaintiff submitted a letter to Acting Chief Robert Rudewicz dated October 25, 2000 requesting that an investigation be conducted into alleged discriminatory practices that Plaintiff claimed occurred on October 20, 2000. Defendants deny the remaining allegations contained in Paragraph 22 of Count One of the Third Amended Complaint.

23. Defendants admit that on October 27, 2000, Acting Chief Robert Rudewicz cited Plaintiff and others in an interdepartmental memorandum, the subject of which was "Recognition of Excellent Performance." Defendants deny the remaining allegations contained in Paragraph 23 of Count One of the Third Amended Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of Count One of the Third Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Count One of the Third Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Count One of the Third Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Count One of the Third Amended Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of Count One of the Third Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Count One of the Third Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Count One of the Third Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Count One of the Third Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Count One of the Third Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Count One of the Third Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Count One of the Third Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Count One of the Third Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Count One of the Third Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Count One of the Third Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Count One of the Third Amended Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Count One of the Third Amended Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Count One of the Third Amended Complaint.

41. Defendants deny that they discriminated against Plaintiff in any way and, therefore, deny Paragraph 41 of Count One of the Third Amended Complaint in its entirety.

42. Defendants deny the allegations contained in Paragraph 42 of Count One of the Third Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Count One of the Third Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Count One of the Third Amended Complaint.

**COUNT TWO:   VIOLATION OF 42 U.S.C. § 1983 AS TO CITY OF HARTFORD**

1-44. Defendants reiterate the answers contained in Paragraphs 1 through 44 of Count One of the Third Amended Complaint as paragraphs 1 through 44 of this Count Two.

45. That portion of Paragraph 45 which states "[d]uring all times material to this complaint" is denied. The remaining allegations contained in Paragraph 45 of Count Two of the Third Amended Complaint are admitted.

46. Defendants deny the allegations contained in Paragraph 46 of Count Two of the Third Amended Complaint.

46.[sic] Defendants deny the allegations contained in Paragraph 46 [sic] of Count Two of the Third Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Count Two of the Third Amended Complaint.

**COUNT THREE:   VIOLATION OF THE ADEA**

1. The answers to Counts One and Two are hereby incorporated into this Count Three as if fully set forth herein.

2. Defendants deny the allegations contained in Paragraph 2 of Count Three of the Third Amended Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of Count Three of the Third Amended Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of Count Three of the Third Amended Complaint.

5. That portion of Paragraph 5 which states "[a]t all relevant times" is denied. Defendants neither admit nor deny the remaining allegations contained in Paragraph 5 of Count Three of the Third Amended Complaint as these are not allegations of fact, but instead amount to legal conclusions.

6. Defendants neither admit nor deny the allegations contained in Paragraph 6 of Count Three of the Third Amended Complaint as these are not allegations of fact, but instead, amount to legal conclusions..

7. Defendants neither admit nor deny the allegations contained in Paragraph 7 of Count Three of the Third Amended Complaint inasmuch as these are not allegations of fact, but instead amount to legal conclusions.

8. Defendants deny the allegations contained in Paragraph 8 of Count Three of the Third Amended Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of Count Three of the Third Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants Michael Manzi, Robert Rudewicz and Mark Rudewicz are all immune from liability to Plaintiff pursuant to the doctrine of qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because the ruling of the arbitrator in favor of Defendants on Plaintiff's grievance precludes Plaintiff from establishing that she was transferred under circumstances giving rise to an inference of discrimination.

**DEFENDANTS, CITY OF HARTFORD,
ROBERT RUDEWICZ, MARK RUDEWICZ
AND MICHAEL MANZI**


By_____
    Jill Hartley
    Federal Bar CT 10570
    Lori Rittman Clark
    Federal Bar CT 19908
    Sabia & Hartley, LLC
    190 Trumbull Street, Suite 202
    Hartford, CT 06103
    Telephone: (860) 541-2077
    Facsimile: (860) 713-8944

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 14th day of April, 2004 to James S. Brewer, Esq., and Erin I. O'Neil-Baker, Esq., 818 Farmington Avenue, West Hartford, CT 06119.

                                                                                                                              _____
                                                                                                                                Lori Rittman Clark

E:\WPDOCS\City of Hartford\Cody\answer.thirdcomp.wpd