UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN CODY, | : | CIVIL ACTION NO. |
|     Plaintiff, | | 3:02CV1789(SRU) |
| | : | |
| v. | | |
| | : | |
| CITY OF HARTFORD, et al. | | |
|     Defendants. | : | MAY 17, 2004 |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendants respectfully move for summary judgment with respect to the Plaintiff's Third Amended Complaint ("the Complaint") in its entirety. In support of this motion, the Defendants assert that there are no disputed issues of material fact and they are entitled to judgment as a matter of law. Specifically, the Plaintiff cannot make out a prima facie case of discrimination under either 42 U.S.C. § 1983 or the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, or in the alternative, the Plaintiff cannot establish that Hartford's legitimate, non-discriminatory reason for transferring the Plaintiff is a pretext for discrimination. This is because the Plaintiff cannot overcome the cumulative probative weight of the evidence of the Defendants' proffer that the Plaintiff was transferred for performance reasons and the decision of the State Board of

**ORAL ARGUMENT REQUESTED**

Mediation and Arbitration, which concludes that the Plaintiff's transfer was not discriminatory. Moreover, the Plaintiff cannot establish that she has suffered an adverse employment action, which is a requisite element of her discrimination claims.

Similarly, the Plaintiff's First Amendment retaliation claim must also fail because she cannot establish : 1) that she engaged in constitutionally protected speech; 2) that she has suffered an adverse employment action; and 3) the requisite nexus between the sexual harassment complaints she made in 1992 and her transfer in 2000.

Further, the Defendants are entitled to summary judgment on the Plaintiff's procedural due process claim because the Plaintiff does not have a constitutionally protected interest in a particular job at the HPD.

Moreover, the Defendants are entitled to summary judgment on the Plaintiff's substantive due process claim because the Plaintiff's alleged injury can be vindicated through other, more specific constitutional provisions.

The individual Defendant, Chief Rudewicz is entitled to summary judgment on the Plaintiff's Section 1983 claims because the Plaintiff cannot establish the requisite causal connection between Chief Rudewicz's conduct and Plaintiff's alleged constitutional injury, and because Chief Rudewicz's actions are protected by the doctrine of qualified immunity.

Finally, the Defendant, Hartford is entitled to summary judgment on the Plaintiff's Section 1983 claim because the Plaintiff cannot establish that the City violated her civil rights

as part of an official municipal policy or custom.[1]

These arguments are set forth in more detail in the Defendants' Memorandum of Law, submitted herewith.

WHEREFORE, the Defendants move the Court to enter summary judgment in their favor with respect to the Plaintiff's Third Amended Complaint in its entirety.

                                  RESPECTFULLY SUBMITTED,

                                  **DEFENDANTS, CITY OF HARTFORD, ROBERT RUDEWICZ, MARK RUDEWICZ AND MICHAEL MANZI**

By_____
    Jill Hartley
    Federal Bar CT 10570
    John P. Shea, Jr.
    Federal Bar CT 17433
    Lori Rittman Clark
    Federal Bar CT 19908
    Sabia & Hartley, LLC
    190 Trumbull Street, Suite 202
    Hartford, CT 06103
    Telephone: (860) 541-2077
    Facsimile: (860) 713-8944

---

[1] Although the Complaint makes reference, in the Preliminary Statement, to a cause of action for intentional infliction of emotional distress, this is an apparent scrivener's error. There is no substantive count of the Complaint alleging intentional infliction of emotional distress, because counsel for the Plaintiff and counsel for the Defendants reached an agreement with respect to the Defendants' Motion to Dismiss whereby counsel for the Plaintiff agreed to voluntarily withdraw Plaintiff's claim for intentional infliction of emotional distress.

## CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 17th day of May, 2004 to James S. Brewer, Esq. and Erin O'Neil-Baker, Esq., Brewer & O'Neil, LLC, 818 Farmington Avenue, West Hartford, CT 06119.

                                                                                                             _____
                                                                                                               Lori Rittman Clark

E:\WPDOCS\City of Hartford\Cody\mot.sj.wpd