**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ANN CODY,** | : | **CIVIL ACTION NO.** |
|     **Plaintiff,** | | **3:02CV1789(SRU)** |
| | : | |
| **v.** | | |
| | : | |
| **CITY OF HARTFORD, et al** | | |
|     **Defendants.** | : | **SEPTEMBER 1, 2004** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO STRIKE**

**I. INTRODUCTION**

The Defendants submit this Memorandum of Law in support of their motion to strike certain portions of the Plaintiff's Opposition to Defendants' Motion for Summary Judgment. The Court should strike the following portions of Plaintiff's Opposition for the following four reasons: First, Exhibits 2, 3, 5, 6, 7, 8, 12, 13, 19, 20 and 21 to the Plaintiff's Local Rule 56(a)2 Statement have not been properly authenticated, and as such, are inadmissible and should be stricken.

Second, Paragraphs 6, 9, 10, 41, 48, 50, 56, 57 and 70 of the Plaintiff's Statement of Material Facts in Dispute rely exclusively on one or more of the exhibits enumerated above which have not been properly authenticated. Accordingly, these paragraphs should also be stricken.

Third, Paragraphs 24, 26, 29, 31, 37 and 38 of the Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute and Paragraphs 45, 52, 53 and 66 of the Plaintiff's

Statement of Material Facts in Dispute are not supported by citations to relevant evidence, since the evidence cited in support of the statements does not stand for the proposition asserted. These paragraphs should therefore be stricken.

Finally, Paragraph 62 of the Plaintiff's Statement of Material Facts in Dispute is supported solely by a citation to deposition testimony that is not based upon the personal knowledge of the deponent. As such, the statement is not supported by the requisite admissible evidence and should be stricken.

## II. ARGUMENT AND AUTHORITIES

### A. Legal Standard

It is well-settled in the Second Circuit that, under Federal Rule of Civil Procedure 56(e), "only admissible evidence may be used to resist a motion for summary judgment . . . " Rohman v. New York Transit Auth., 215 F.3d 208, 218 n.6 (2d Cir. 2000); see also Kader v. Paper Software, Inc., 111 F.3d 337, 342-343 (2d Cir. 1997) (non-moving party must come forward with admissible evidence demonstrating genuine issue of material fact in order to overcome summary judgment); Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997) (in opposing summary judgment, plaintiff may only rely upon admissible evidence).

Moreover, [t]he principles governing admissibility of evidence do not change on a motion for summary judgment." Raskin, 125 F. 3d at 66. "Because the purpose of summary judgment is to weed out cases in which 'there is no genuine issue as to any material fact and . . .

the moving party is entitled to judgment as a matter of law,' . . . it is appropriate for district courts to decide questions on the admissibility of evidence on summary judgment." Id. "The resolution of evidentiary issues on summary judgment conserves the resources of the parties, the court and the jury." Id.; see also Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985) (The "salutory purposes of summary judgment – avoiding protracted, expensive and harassing jury trials – apply no less to discrimination cases than to commercial or other areas of litigation.").

"[A] motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." Newport Electronics v. Newport Corp., 157 F. Supp.2d 202 ,208 (D. Conn. 2001). "A motion to strike can . . . be used to challenge documentary evidence which has not been properly authenticated." Id.; see also Deydo v. Baker Engineering New York, Inc., 1998 WL 9376, at *4 (S.D.N.Y. 1998). Further, "[a] motion to strike is also appropriate if depositions contain testimony that contains hearsay, speculation or conclusory statements." Newport Electronics, 157 F. Supp.2d at 208.

B.   The Court Should Strike Exhibits 2, 3, 5, 6, 7, 8, 12, 13, 19, 20 and 21 to Plaintiff's Local Rule 56(a)2 Statement, Because the Exhibits Have Not Been Properly Authenticated.

The Court should strike the following exhibits from the Plaintiff's Local Rule 56(a)2 because the exhibits have not been properly authenticated:  2, 3, 5, 6, 7, 8, 12, 13, 19, 20 and 21.  A motion to strike should be granted "when it challenges documentary evidence that was submitted in support of or in opposition to a summary judgment motion, but which has not

been properly authenticated." Id. at *7.  Moreover, "it is irrelevant that the documents may in the future be properly authenticated through a witness.  The documents must be properly authenticated in order to be considered by the Court at the summary judgment stage, in the face of an objection."  Id.

In this case, the Plaintiff has submitted a variety of exhibits in support of her Local Rule 56(a)2 Statement, including, by way of example, the Third Step Grievance filed by the Hartford Police Union on Plaintiff's behalf (Exhibit 2), a City of Hartford Interdepartmental Memorandum regarding a meeting of the Police Accident Review Board (Exhibit 3) and the Hartford Police Department "Training Trakker" for the Defendant, Michael Manzi (Exhibit 19). The Plaintiff has not authenticated any of these exhibits by either affidavit or reference to deposition testimony.  The same is true of Exhibits 5, 6, 7, 8, 12, 13, 20 and 21.  Accordingly, the Court should strike all of these exhibits from the record.  See Keene v. Hartford Hospital, 208 F. Supp.2d 238, 243 (D. Conn. 2002) (striking exhibits submitted in opposition to motion for summary judgment due to lack of authentication).

C.     The Court Should Also Strike Paragraphs 6, 9, 10, 41, 48, 50, 56, 57 and 70 from Plaintiff's Statement of Material Facts in Dispute, Because They Rely Exclusively On Exhibits That Have Not Been Properly Authenticated.

Similarly, the Court should strike Paragraphs 6, 9, 10, 41, 48, 50, 56, 57 and 70 from Plaintiff's Statement of Material Facts in Dispute, because they rely exclusively on exhibits that have not been properly authenticated.  As these factual assertions are supported solely by

inadmissible evidence, they should be stricken in accordance with Federal Rules of Evidence

901 and Local Rule 56(a)1-3.

          D.      <u>The Court Should Also Strike Paragraphs 24, 26, 29, 31, 37 and 38 of the Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute and Paragraphs 45, 52, 53 and 66 of the Plaintiff's Statement of Material Facts in Dispute, Because the Evidence Cited in Support of Each of These Statements Does Not Stand for the Proposition Asserted.</u>

The Court should also strike Paragraphs 24, 26, 29, 31, 37 and 38 of the Plaintiff's

Response to Defendants' Statement of Material Facts Not in Dispute and 45, 52, 53 and 66 of

the Plaintiff's Statement of Material Facts in Dispute because the evidence cited in support of

each of these statements does not stand for the proposition asserted.  Accordingly, these

statements are not supported by the requisite relevant evidence.

Specifically, in Paragraph 24 of Plaintiff's Response to Defendants' Statement of

Material Facts Not in Dispute, the Plaintiff denies that her transfer from Community Response

to Patrol did not entail a loss of promotional opportunities.  Plaintiff's Response to Defendants'

Statement of Material Facts Not in Dispute, ¶24.  In support of her denial, the Plaintiff cites to

her Affidavit.  <u>Id.</u>  The Plaintiff's Affidavit is, however, completely silent on the issue of her

promotional opportunities before and after her transfer.  <u>See</u> Plaintiff's Affidavit, Exhibit 14 to

Plaintiff's Local Rule 56(a)2 Statement.

Paragraph 26 of Plaintiff's Response to Defendants' Statement of Material Facts Not in

Dispute suffers from exactly the same problem.  <u>See</u> Plaintiff's Response to Defendants'

Statement of Material Facts Not in Dispute, ¶26.  Specifically, although the Plaintiff asserts that the transfer to patrol increased the risk to her safety and cites to her Affidavit for support, the Plaintiff's Affidavit says absolutely nothing about the risk to her safety before and after her transfer.  See Plaintiff's Affidavit, Exhibit 14 to Plaintiff's Local Rule 56(a)2 Statement.

Plaintiff's response to Paragraph 29 of the Defendants' Statement of Material Facts Not in Dispute denies that "Jones performed a thorough investigation," in part because, according to the Plaintiff, the investigation did not include and inquiry into "whether the transfer was discriminatory or improperly motivated by gender or age."  Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute, ¶29.  Similarly, in Plaintiff's response to Paragraph 31 of Defendants' Statement of Material Facts Not in Dispute, the Plaintiff also denies that "Jones investigated whether transfer [sic] was discriminatory or improperly motivated by gender or age."  Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute, ¶31.  In so concluding, however, the Plaintiff mischaracterizes the deposition testimony to which she cites for support.  In particular, Chief Rudewicz did not testify that the investigation did not include an inquiry into whether th transfer was discriminatory.  Rather, Chief Rudewicz testified as follows:

> Q.    So you were going to ignore her complaint about being transferred?  Is that what you're saying?
> A.    No.
> Q.    Did you tell him I don't want you to investigate whether or not Ann Cody's transfer was based upon any illegal reasoning?  Did you say that to him?
> A.    No.  I just handed him the letter [Plaintiff's letter complaining about her transfer] and asked him to investigate it.

- 6 -

Q.    I mean you're not trying to say that Ann Cody didn't complaint that she was transferred, are you?

A.    As I said, the substance of the complaint was the comments allegedly made by Lieutenant Manzi and that's what I was concerned about.

Q.    I'm not asking you what you're concerned about.  I'm asking what you wanted investigated.  Did you want her transfer investigated or not?

A.    Well, the transfer was based on her apparently missing meetings, so I understood that to be accurate.

Q.    Okay.  So you prejudged the complaint?  Is that what you're saying?  You'd already made a determination on it?

A.    I trusted the judgment of the assistant chief.

Q.    That's not my question.  I know you trusted him.  You said that plenty of times.  That's fine.  What I'm asking is what you did when you got the complaint about the transfer.  You already came to a conclusion immediately that the transfer was legitimate?

A.    I understood it to be.

Q.    So you weren't asking Chief Jones [sic] to investigate whether or not Ann Cody's transfer was based upon illegal reasoning?

A.    I guess in effect I was in some respect because I asked him to investigate the comments made by Lieutenant Manzi and if at the [sic] they were found to be true, then there would be a different course of action taken.

Deposition of Robert Rudewicz dated October 1, 2003, Exhibit "E" to Defendants' Local Rule 56(a)1 Statement, at pp. 34-35.[1]

Plaintiff's Response to Paragraphs 37 and 38 of Defendants' Statement of Material

Facts Not In Dispute asserts that the Plaintiff "filed a grievance on the matter and as

supervisors, the Defendants are aware of grievances filed against other officers."  Plaintiff's

Response to Defendants' Statement of Material Facts in Dispute, ¶¶ 37-38.  In support of this

---

[1]    Further, the remainder of Plaintiff's "response" to Paragraph 29 is not responsive to the proposition asserted.  See Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute, ¶29.

assertion, the Plaintiff cites to her deposition testimony at pp. 35-37.  The Plaintiff's testimony, however, has absolutely nothing to do with what the Defendants in particular may have known about the grievance she filed in 1992, much less whether such alleged knowledge was based upon their respective positions as supervisors.  <u>See</u> Plaintiff's Deposition dated May 2, 2003, Exhibit "A" to Defendants Local Rule 56(a)1 Statement, at pp. 35-37.  Indeed, the Plaintiff fails to establish whether all of the individual Defendants were supervisors in 1992.  <u>See id.</u>  Rather, the Plaintiff merely testified that she believes that the Defendants were aware of the grievance she filed in 1992 because the HPD is a "gossip factory" where "word travels."[2]  <u>See id.</u> at pp. 35-36.

The Plaintiff also asserts, in Paragraphs 45 and 66 of her Statement of Material Facts in Dispute, as follows:

> Chief Rudewicz did not direct Assistant Chief Jones to investigate whether the plaintiff's transfer was discriminatory and did not direct anyone else to investigate whether the transfer was legitimate because he assumed that the transfer itself was proper.

Plaintiff's Statement of Material Facts in Dispute, ¶¶ 45, 66.

The Plaintiff cites, as support for the above assertion, to the Deposition of Chief Rudewicz, at pp. 33-36.  As set forth above with respect to the Plaintiff's Response to Paragraphs 29 and 31 of Defendants' Statement of Material Facts Not In Dispute, the Plaintiff

---

[2]     This is, of course, exactly what the Defendants state in their Statement of Material Facts Not in Dispute.  Defendants' Local Rule 56(a)(1) Statement, ¶ 38.

mischaracterizes Chief Rudewicz's testimony.  See discussion regarding Paragraphs 29 and 31 Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute, *infra.*

The Plaintiff further asserts, in Paragraph 52 of her Statement of Material Facts in Dispute, that "Lieutenant Manzi has committed perjury in a federal criminal case."  Plaintiff's Statement of Material Facts in Dispute, ¶52.  In support of this assertion, Plaintiff cites to the transcript in United States of America v. Reynaldo Arroyo, 3:03CR179 (SRU).  The problem, of course, is that this transcript contains no finding that Lieutenant Manzi committed perjury as opposed to having made an honest mistake.  Paragraph 53 of Plaintiff's Statement of Material Facts in Dispute, which refers to "Lieutenant Manzi's 'perjury'"suffers from exactly the same deficiency.

Since the foregoing factual assertions are supported solely by irrelevant evidence, they should be stricken in accordance with Federal Rule of Evidence 401 and Local Rule 56(a)1-3.

E.    The Court Should Strike Paragraph 62 of the Plaintiff's Statement of Material Facts in Dispute, Because the Testimony Cited in Support Thereof is Not Based Upon the Personal Knowledge of the Deponent.

Finally, the Court should strike Paragraph 62 of the Plaintiff's Statement of Material Facts in Dispute, because the testimony cited in support thereof is not based upon the personal knowledge of the deponent.  Therefore, it does not constitute the requisite admissible evidence. It is well established that courts may strike from consideration in summary judgment proceedings testimony which is not made on the basis of personal knowledge.  Sellers v. M.C.

<u>Floor Crafters, Inc.</u>, 842 F.2d 639, 643 (2d Cir. 1988); <u>Keene v. Hartford Hospital</u>, 208 F.

Supp.2d 238, 242-44 (D. Conn. 2002).

Specifically, the Plaintiff asserts in Paragraph 62 of her Statement of Material Facts in

Dispute that "[s]everal months prior to the plaintiff's transfer, Sergeant Rudewicz told a male

officer that he was going to transfer the plaintiff out of the South P.S.A. so that the male officer

could take her place."  Plaintiff's Statement of Material Facts in Dispute, ¶62.  As supporting

evidence for this assertion, the Plaintiff cites to page 127 of her deposition, which states, in

pertinent part:

> Q.    . . . Did Mark Rudewicz ever indicate to you that he preferred working with men?
> A.    Well, Officer Carl Johnson did approach me several months before I got transferred and stated to me that Sergeant Rudewicz asked if he wanted to work south, and that I would go north.  And Officer Carol Johnson was curious as to why.  And he approached me and advised me, Ann, Sergeant Rudewicz wants me to go south and you go north . . .

Plaintiff's Deposition dated May 2, 2003, Exhibit "A" to Defendants Local Rule 56(a)1
Statement, at pp. 127-28.

It is clear from the Plaintiff's testimony that she possesses no personal knowledge of

Sergeant Rudewicz's alleged statements and that her testimony is based solely upon

information allegedly provided by Officer Carl Johnson.  As such, the factual assertions

contained in Paragraph 62 should be stricken because it is not supported by testimony from an

individual with personal knowledge as required by Federal Rule of Civil Procedure 56(e) and

Local Rule 56(a)3.

- 10 -

### III.  CONCLUSION

For all the foregoing reasons, the Court should strike Exhibits 2, 3, 5, 6, 7, 8, 12, 13, 19,

20 and 21 to Plaintiff's Local Rule 56(a)2 Statement, and should further strike Paragraphs 6, 9,

10, 41, 45, 48, 50, 52, 53, 56, 57, 62, 66 and 70 of the Plaintiff's Statement of Material Facts in

Dispute, and Paragraphs 24, 26, 29, 31, 37 and 38 of the Plaintiff's Response to Defendants'

Statement of Material Facts Not in Dispute.

**DEFENDANTS, CITY OF HARTFORD,
ROBERT RUDEWICZ, MARK RUDEWICZ
AND MICHAEL MANZI**

By_____
        Jill Hartley
        Federal Bar CT 10570
        John P. Shea, Jr.
        Federal Bar CT 17433
        Lori Rittman Clark
        Federal Bar CT 19908
        Sabia & Hartley, LLC
        190 Trumbull Street, Suite 202
        Hartford, CT 06103
        Telephone: (860) 541-2077
        Facsimile: (860) 713-8944

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 1st day of September, 2004 to James S. Brewer, Esq., and Erin I. O'Neil-Baker, Esq., 818 Farmington Avenue, West Hartford, CT 06119.

_____
Lori Rittman Clark

E:\WPDOCS\City of Hartford\Cody\mol.motion.strike.sj.wpd