**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANN CODY, | : | CIVIL ACTION NO. |
|     Plaintiff, | | 3:02CV1789(SRU) |
| | : | |
| v. | | |
| | : | |
| CITY OF HARTFORD, et al | | |
|     Defendants. | : | SEPTEMBER 1, 2004 |

<u>REPLY BRIEF</u> [1]

A.    <u>The Plaintiff Completely Ignores The Fatal Impact On Her Discrimination Claims of the State Board of Mediation and Arbitration's Award Concluding That The Plaintiff's Transfer Was Not Discriminatory.</u>

In her Opposition Brief, the Plaintiff completely ignores the fatal impact on her discrimination claims of the State Board of Mediation and Arbitration's Award (the "Board's Award") concluding that the Plaintiff's transfer was not discriminatory. The Board's Award is entitled to the greatest evidentiary weight possible, because the issue presented to the Board is the very issue presented in this case: whether the decision to transfer the Plaintiff was based upon her age and/or gender.

The Plaintiff, however, does not even address the effect of the Board's Award on her discrimination claims. <u>See</u> Opposition Brief, pp. 12-20. Specifically, all of the cases cited by the Plaintiff in that section of her Opposition Brief are distinguishable from this case, where an arbitration award "based on substantial evidence and rendered by an undisputedly independent, neutral and unbiased adjudicator" concluded that "the decision to transfer the [Plaintiff] was simply based on her lacking performance" and not based on her age and/or gender. <u>Collins</u>, 305 F.3d at 119 (citations omitted); Defendants' Local Rule 56(a)1 Statement, ¶33.

---

[1] Defendants have also filed a Motion to Strike certain portions of Plaintiff's Opposition Brief which, if granted in whole or in part, provides an additional basis for granting Defendants' Motion for Summary Judgment – specifically, that Plaintiff has failed to properly oppose one or more of Defendants' arguments.

The Court should accord the Board's Award the greatest possible weight and grant summary judgment to the Defendants on the Plaintiff's discrimination claims, because the Plaintiff cannot overcome the cumulative probative weight of the Board's Award and the Defendants' evidence of a legitimate, non-discriminatory reason for the Plaintiff's transfer.

> **B.      In Order To Constitute An Adverse Employment Action, The Plaintiff's Transfer Must Have Resulted In A *Materially Adverse* Change In The Terms And Conditions Of Her Employment.**

"To be 'materially adverse' a change in working conditions must be more disruptive than . . . a mere alteration of job responsibilities.  A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation."  Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (citations omitted).

In this case, the Plaintiff has offered no facts in support of her contention that the transfer from Community Service Officer ("CSO") to Patrol Officer resulted in a materially adverse change in working conditions.  For example, the Plaintiff admits that the transfer entailed no decrease in salary or benefits.  Opposition Brief, p. 20; Plaintiff's Local Rule 56(a)2 Statement, ¶24.  Further, although the Plaintiff denies that the transfer entailed no loss of promotional opportunities, citing to her Affidavit for support, nothing in the Plaintiff's Affidavit supports her contention that she had fewer promotional opportunities as a result of her transfer.  Plaintiff's Local Rule 56(a)2 Statement, ¶24; see Defendants' Motion to Strike.  Similarly, the Plaintiff also contends that her transfer from Community Response to Patrol increased the risk to her safety, citing to her Affidavit for support.  Id., ¶26.  Again, nothing in the Plaintiff's Affidavit supports her statement that she faced an increased risk to her safety as a result of the transfer.  See Plaintiff's Affidavit, Exhibit 14 to Plaintiff's Local Rule 56(a)2 Statement; see also Defendants' Motion to Strike.  Finally, although the Plaintiff contends that she experienced a change in job responsibilities as a result of her transfer, this proves too little.  Plaintiff's Local Rule 56(a)2 Statement, ¶25.  Specifically, the Plaintiff must establish that she experienced, not merely a *change* in job responsibilities, but *significantly diminished material responsibilities*.  Galabya v. New York City

Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (citations omitted).  This the Plaintiff has not done.

Faced with an inability to establish that her transfer constituted a materially adverse change in the terms or conditions of her employment, the Plaintiff attempts to rely upon her subjective feelings regarding her transfer to carry the day.  For example, the Plaintiff states that she "was extremely upset that she was removed from a position where she excelled for seven years and enjoyed her job" and that she felt "very humiliated."  Opposition Brief, p. 20; Plaintiff's Local Rule 56(a)2 Statement, ¶25.  The Plaintiff's feelings about her transfer are, however, irrelevant to the Court's determination of whether her transfer constituted an adverse employment action.  Specifically, "[c]ourts in this circuit have universally rejected attempts by plaintiffs to show an adverse employment action based simply on the plaintiff's personal feelings about the employer's actions."  Islamic Society of Fire Dept. Personnel v. City of New York, 205 F. Supp.2d 75, 85 (2002).[2]

The Court should, therefore, grant summary judgment to the Defendants on the Plaintiff's discrimination claims for the additional reason that the Plaintiff cannot establish that her transfer constitutes an adverse employment action.

C.    **The Defendants Did Not Deviate From Established Procedure In Filling the CSO Assignment Following the Plaintiff's Transfer.**

Contrary to the Plaintiff's assertion, the Defendants did not deviate from established procedure in filling the CSO assignment following the Plaintiff's transfer.  In particular, the Plaintiff asserts that the Defendants deviated from established procedure by not posting the vacancy in the CSO assignment following her transfer and instead filling the assignment with another officer, Mark Castagna.  See Plaintiff's Local Rule 56(a)2 Statement, ¶¶ 63-64; Opposition Brief, pp. 13, 16, 17 and 19.  The only evidence the Plaintiff cites to in support of her assertion is her own deposition testimony.  Id. However, the Plaintiff offers no evidence as to what the Defendants' "established procedure" was.  In fact, the Defendants' actions in this case comport with the established procedure for filling vacancies

---

[2]    See also, e.g., Garber v. New York City Police Dept., 1998 WL 514222, at *4 (2d Cir. June 12, 1998) ("Plaintiff, conceding that his change in position has not threatened his salary or benefits, attempts to rest his assertion that the transfer constituted an adverse employment action only on his unhappiness at being removed from a position he 'cherished.'  It is not enough.").

in the CSO assignment. Specifically, since at least 1981, there has been no requirement that a promotional examination or other competitive process be utilized to determine which Hartford Police Department ("HPD") officers are assigned as CSOs. Declaration of Kevin Jones, attached hereto as Exhibit "A," ¶5. Moreover, since at least 1981, the HPD has not regularly, if ever, utilized a promotional examination or other competitive process to determine which officers would be assigned as CSOs. Id., ¶6. In addition, from at least 1981 through 2000, the year the Plaintiff was transferred, the HPD did not regularly post or otherwise formally advertise vacancies in the CSO assignment. Id., ¶ 7.

Accordingly, the Plaintiff has failed to create a disputed issue of material fact with respect to the established procedure for filling vacancies in the CSO assignment, much less the Plaintiff's incorrect and unsupported contention that the Defendants did not follow established procedure in filling the CSO assignment following the Plaintiff's transfer. For this additional reason, the Court should grant summary judgment to the Defendants on the Plaintiff's discrimination claims.

### D.    The Plaintiff Worked More Overtime During The First Three Quarters Of 2000 – After Mark Rudewicz Became Her Supervisor – Than She Did During the First Three Quarters of the Previous Year.

The Plaintiff asserts that prior to Mark Rudewicz becoming her supervisor in January, 2000, she had no problem earning overtime, but that once Mark Rudewicz became her supervisor, he denied the Plaintiff's requests for overtime. Opposition Brief, p. 15; Plaintiff's Rule 56(a)2 Statement, ¶¶ 59-60. Notably, the Plaintiff cites to no evidence – other than her self serving testimony – in support of this assertion. Id. An examination of the Plaintiff's overtime records for 1999 and 2000 tells a different story, however. See Certified Overtime Records for 1999 and 2000, attached hereto as Exhibit "B."[3] Specifically, the Plaintiff earned 116.50 hours of overtime during the first three quarters

---

[3]    For the Court's convenience, the Defendants have consecutively numbered the pages of the overtime records and refer to these page numbers herein. Pages 1 through 6 contain a summary of all hours qualifying as "overtime" worked by the Plaintiff in 1999 and 2000. Page 7 sets forth the various overtime codes. Pages 8 through 17 sets forth, by code, all overtime hours worked by the Plaintiff during 1999 and 2000. For purposes of this section, the "overtime" referred to is Code 616 overtime only, or overtime worked at time and a half. See Codes, Exhibit "B," p. 7.

of 1999, the year before Mark Rudewicz became her supervisor and during the time period when the Plaintiff asserts that she had no problem earning overtime.  Id. at pp. 8-11.  In contrast, the Plaintiff earned 152.75 hours of overtime during the first three quarters of  2000,[4] the year that Mark Rudewicz became her supervisor and during the time period in which the Plaintiff asserts that Mark Rudewicz was refusing to approve her overtime.  Id. at pp. 13-16.[5]  The Plaintiff has failed, therefore, to create a disputed issue of material fact with respect to whether she earned less overtime once Mark Rudewicz became her supervisor, since the summary judgment record does not support this bald assertion.  Accordingly, for this reason also, the Court should grant summary judgment to the Defendants on the Plaintiff's discrimination claims.

       **E.**      **The Plaintiff's Asserted "Credibility Issues" Regarding Manzi And Mark Rudewicz Are Mere Red Herrings In This Case, Since Such Generalized "Credibility Issues" Cannot Create Disputed Issues of Material Fact Where There Are None.**

       While it is well settled that summary judgment is inappropriate where there is a genuine issue of material fact that turns on the credibility of witnesses,[6] the Plaintiff in this case improperly attempts to avoid summary judgment by citing to certain generalized "credibility issues" regarding Manzi and Mark Rudewicz without first having established that such "credibility issues" are germane to any disputed issue of material fact.  See Opposition Brief, p. 15; Plaintiff's Local Rule 56(a)2 Statement, ¶¶ 51-58.  Specifically, there are no disputed issues of material fact underlying the Defendants legal arguments that: 1) the Board's Award, which concludes that the Plaintiff's transfer was not discriminatory, is entitled to the greatest possible evidentiary weight in this case; and 2) the Plaintiff's

---

[4]      Since the Plaintiff was transferred in October, 2000, only her overtime worked for the first three quarters of 1999 and 2000 is compared here.

[5]      In fact, the Plaintiff worked a total of 205.75 hours of overtime in 1999 and a total of 261 hours of overtime in 2000, 108.25 hours of which she worked after her transfer to Patrol, demonstrating that she was able to earn *more* overtime in her assignment as a patrol officer than she had been able to earn in her assignment as a CSO.  See Exhibit "B," pp. 13-17.  This further undercuts the Plaintiff's argument that her transfer from CSO to patrol officer constituted an adverse employment action.

[6]      See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

transfer does not constitute the requisite adverse employment action. As a result, the alleged "credibility issues" with respect to Manzi and Mark Rudewicz have absolutely no bearing on the Court's determination of whether the Defendants are entitled to summary judgment. In short, the Plaintiff has failed to create any disputed issues of material fact by raising generalized "credibility issues" regarding Manzi and Mark Rudewicz. Accordingly, the Defendants remain entitled to summary judgment with respect to the Plaintiff's discrimination claims.

> **F.    The Plaintiff Has Not And Cannot Establish That Her Speech Implicated a Matter of Public Concern.**

The Plaintiff has not and cannot establish that her speech implicated a matter of public concern. Specifically, while the Plaintiff cites to a page and a half of case law for the proposition that speech is protected *if* it involves a matter of public concern, the Plaintiff provides absolutely no facts supporting her assertion that *her speech at issue in this case* involved a matter of public concern. See Opposition Brief, pp. 21-23. Accordingly, the Plaintiff has failed to raise a disputed issue of material fact with respect to the Defendants' assertion that the Plaintiff's speech was not constitutionally protected. The Defendants are, therefore, entitled to summary judgment on the Plaintiff's First Amendment retaliation claim.

> **G.    The Plaintiff Has Not And Cannot Establish That Her Transfer Constitutes The Requisite Adverse Employment Action.**

Moreover, the Court should also grant summary judgment to the Defendants on the Plaintiff's First Amendment retaliation claim, because, for the reasons set forth in Section B *supra*, the Plaintiff has not and cannot establish that her transfer constitutes the requisite adverse employment action.

> **H.    The Plaintiff Has Not And Cannot Establish That There Is A Causal Connection Between Her Sexual Harassment Complaints in 1992 And Her Transfer in 2000.**

Although the Plaintiff cites to the legal standard for establishing the requisite causal connection between her allegedly protected speech and her transfer, she provides no facts supported by admissible evidence and/or case law to refute the following: 1) none of the Defendants had any knowledge of the Plaintiffs's prior sexual harassment complaints at the time that the decision to

transfer her was made;[7] and 2) too much time had lapsed between the Plaintiff's sexual harassment complaints in 1992 and her transfer in 2000 to enable her to establish a causal connection between them. Accordingly, the Court should grant summary judgment to the Defendants on the Plaintiff's First Amendment retaliation claim.

**I.    The Defendants Are Entitled to Summary Judgment on the Plaintiff's Substantive Due Process Claim Because This Claim Is Covered By Other, More Specific Constitutional Provisions.**

The Plaintiff apparently does not dispute that, where a more specific constitutional provision covers a claim, that specific provision provides a plaintiff with her avenue of redress, not the more generalized principle of substantive due process. <u>See</u> Opposition Brief, p. 23. Having established that the Plaintiff's substantive due process claim is covered by other, more explicit constitutional provisions, this ends the analysis, and the Court need not reach the substantive issue of whether the Defendants' actions "shock the conscience."[8] The Court should, therefore, grant summary judgment in favor of the Defendants on the Plaintiff's substantive due process claim.

**J.    The Defendants Remain Entitled To Summary Judgment On The Plaintiff's Procedural Due Process Claim, Because Plaintiff Has Not And Cannot Establish That She Had a Constitutionally Protected Property Interest In A Particular Job.**

It is undisputed in this case that the City of Hartford ("Hartford") has not terminated the Plaintiff's employment, but has merely transferred the Plaintiff laterally. In their Memorandum of

---

[7]    Although the Plaintiff asserts, in conclusory fashion, that "as supervisors, the Defendants are aware of grievances filed against other officers," the deposition testimony to which she cites does not support this proposition. Plaintiff's Local Rule 56(a)2 Statement, ¶¶ 37-38; <u>see</u> Defendants' Motion to Strike. For one thing, the Plaintiff's deposition testimony has absolutely nothing to do with what *the Defendants in particular* may have known about the grievance she filed in 1992, much less whether such alleged knowledge was based upon their respective positions as supervisors. <u>See</u> Plaintiff's Deposition dated May 2, 2003, Exhibit "A" to Defendants Local Rule 56(a)1 Statement, at pp. 35-37. Rather, the Plaintiff merely testified that she believes that the Defendants were aware of the grievance she filed in 1992 because the HPD is a "gossip factory" where "word travels." <u>See id.</u> at pp. 35-36.

[8]    The Defendants do, however, expressly dispute that their actions meet the standard required for establishing a substantive due process violation, but simply argue that the Court need not reach this issue.

- 7 -

Law, the Defendants cite to authority for the proposition that a specific job – as opposed to employment generally – is not a constitutionally cognizable property interest. See Defendants' Memorandum of Law, p. 26. Plaintiff does not address or attempt to refute this argument, but instead cites to cases holding that employment generally constitutes a protected property interest. See Opposition Brief, pp. 26-27.[9] This, of course, misses the point. The Defendants therefore remain entitled to summary judgment on the Plaintiff's procedural due process claim, because the Plaintiff does not have a constitutionally protected property interest *in her particular position as a CSO with the HPD*.

**K.    The Defendant, Robert Rudewicz ("Chief Rudewicz") Remains Entitled To Summary Judgment On The Plaintiff's Section 1983 Claims Because It Is Undisputed that Chief Rudewicz Did Not Order, Authorize, Or Otherwise Sign Off On The Plaintiff's Transfer.**

It is also undisputed in this case that Chief Rudewicz did not order, authorize, or otherwise sign off on the Plaintiff's transfer, which is the allegedly discriminatory employment action complained of in this case. See Plaintiff's Local Rule 56(a)2 Statement, p.8, admitting Defendants' ¶22. In fact, it is undisputed that Chief Rudewicz was absent from the office on the date on which the Plaintiff's transfer was authorized. See id. at p. 9, admitting Defendants' ¶23. Moreover, although the Plaintiff argues that Chief Rudewicz should be held liable based on his involvement in the investigation into the Plaintiff's complaint regarding her transfer, said investigation, taken alone, does not constitute the requisite adverse employment action. See Section B, *supra.*

**L.    In The Alternative, Chief Rudewicz Remains Entitled To Summary Judgment On**

---

[9]    Indeed, the Plaintiff takes this principle a step further and asserts that a promotion may also constitute a constitutionally cognizable property interest. See Opposition Brief, pp. 27-28. While neither of the cases cited holds that a promotion is a constitutionally protected property interest, this is of little moment, since the instant case does not involve a promotion. Accordingly, the cases cited by the Plaintiff are inapposite. Moreover, although the Plaintiff denies that her transfer did not entail a loss of promotional opportunities, she fails to cite to any admissible evidence supporting her denial. See Plaintiff's Rule 56(a)2 Statement, denying Defendants' ¶24. Specifically, the Plaintiff's Affidavit is silent regarding the Plaintiff's promotional opportunities before and after her transfer. See Plaintiff's Affidavit, Exhibit 14 to Plaintiff's Local Rule 56(1)2 Statement; see also Defendants' Motion to Strike. Accordingly, the Plaintiff has failed to create a disputed issue of material fact with respect to whether her transfer entailed a loss of promotional opportunities.

**His Affirmative Defense of Qualified Immunity To the Plaintiff's Section 1983 Claims.**

In the alternative, even assuming that Plaintiff can establish that some action taken by Chief Rudewicz caused the constitutional injury she now complains of, Chief Rudewicz remains entitled to summary judgment on his affirmative defense of qualified immunity to Plaintiff's Section 1983 claims. Specifically, although the Plaintiff asserts, in conclusory fashion, that Chief Rudewicz knows that it is illegal to discriminate against an officer on the basis of age and gender, this proves too little. See Opposition Brief, p. 29. What the Plaintiff must establish is that Chief Rudewicz knew that there was discriminatory or retaliatory intent by the Defendants in recommending the Plaintiff's transfer to Assistant Chief Jones through the established chain of command, so as to render it objectively unreasonable for Chief Rudewicz to rely upon the information provided by his subordinates indicating that the Plaintiff's transfer was based upon her documented performance problems. See, e.g., Lee v. Coughlin, 26 F. Supp.2d 615, 637 (S.D.N.Y. 1998). Since the Plaintiff has not and cannot establish that Chief Rudewicz was aware of any discriminatory or retaliatory animus by the Defendants toward the Plaintiff, Chief Rudewicz's actions could not have been  objectively unreasonable, and summary judgment should enter in favor of Chief Rudewicz on his affirmative defense of qualified immunity to Plaintiff's Section 1983 claims.

    **M.**    **The Defendant, Hartford Remains Entitled To Summary Judgment On The Plaintiff's Section 1983 Claims Because The Plaintiff Has Not And Cannot Establish That A Hartford Policy Or Custom Caused The Constitutional Harm She Complains Of.**

The Defendant, Hartford, remains entitled to summary judgment on the Plaintiff's Section 1983 claims because the Plaintiff has not and cannot establish that a Hartford policy or custom caused the constitutional harm she complains of.  The Plaintiff's conjecture that Chief Rudewicz is a final-policy maker for personnel purposes such as the transfer, and that his actions therefore establish the requisite policy, is completely unsubstantiated by the summary judgment record.  Opposition at 31-32.

In fact, the Plaintiff has admitted all facts necessary for the Court to conclude, as a matter of law, that Chief Rudewicz did not possess final policymaking authority over personnel actions.

Plaintiff's local 56(a)2 Statement, ¶¶ 39, 41-48, 52-70 (acknowledging, among other asserted facts, that Chief Rudewicz did not possess the authority to establish personnel policy and that his personnel decisions were subject to review and reversal by the Personnel Director through the grievance process).[10]   Moreover, the evidence relied upon by the Plaintiff in support of her assertion that Chief Rudewicz could nonetheless enact policy in contravention of the Hartford personnel policies prohibiting the type of conduct complained of by Plaintiff actually contradicts this assertion.[11]   Thus, the summary judgment record conclusively establishes that Chief Rudewicz's personnel actions were both constrained by personnel policy (the Charter, Municipal Code, Police Contract and Personnel Rules) established by others (the City Council and City Manager) and subject to review and reversal by Hartford's Personnel Director.

In light of the summary judgment record, the Plaintiff's reliance upon O'Conner v. Barnes, 1998 U.S. Dist. Lexis 3386, 1998 WL 1763959 at *4, is seriously misplaced.  The O'Connor Court simply reiterated established law mandating that only those final decision-makers whose actions in a particular area are not subject to substantive policy constraints and meaningful review can be considered final policymakers for purposes of Section 1983.  Accordingly, the O'Connor holding, like the precedent cited in the Defendants' Memorandum, mandates the entry of summary judgment for Hartford on the Plaintiff's Section 1983 claims.

---

[10]      The Plaintiff's denials contained in ¶¶ 50 & 51 of her Local Rule 56(a)2 Statement are non-substantive, as they merely illustrate that after Hartford's new Charter became effective on January 1, 2004, the Mayor replaced the City Manager as the Chief Executive Officer ("CEO") of Hartford.  For all times material to Plaintiff's claims, the City Manager was the CEO. Defendant's Local Rule 56(a)1 Statement; Plaintiff's Exhibit 10, 9-12.

[11]      While not specifically cited in her Opposition, the Plaintiff asserts in ¶¶ 40 and 49 of her Local Rule 56(a)2 statement that "the Chief could enact policies and practices" and that "the Chief enacts policy that the department is subject to even if it is in conflict" with the Charter, Municipal Code or Personnel Rules.  However, the deposition testimony of Mr. Ilg cited in support of these denials confirms that the Chief's general operational policy decisions may be constrained by the City Manager, Mayor and the City Council and that his specific personnel decisions are subject to the grievance procedure (and thus, subject to meaningful review by the Personnel Director).  Plaintiff's Exhibit 10, pp. 29-32.  In addition, other testimony of Mr. Ilg either ignored by the Plaintiff or not provided to the Court, confirms that the personnel decisions of the Chief are constrained by the personnel policies established in the Police Contract (as negotiated by the City Manager) and Personnel Rules (as established by the City Council).  Plaintiff's Exhibit 10, at 24;  Deposition of Albert Ilg, attached hereto as Exhibit "C,"at p. 25-28.

DEFENDANTS, CITY OF HARTFORD,
ROBERT RUDEWICZ, MARK RUDEWICZ AND
MICHAEL MANZI

By_____
      Jill Hartley
      Federal Bar CT 10570
      John P. Shea, Jr.
      Federal Bar CT 17433
      Lori Rittman Clark
      Federal Bar CT 19908
      Sabia & Hartley, LLC
      190 Trumbull Street, Suite 202
      Hartford, CT 06103
      Telephone: (860) 541-2077
      Facsimile: (860) 713-8944

## CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 1st day of September, 2004 to James S. Brewer, Esq., and Erin I. O'Neil-Baker, Esq., 818 Farmington Avenue, West Hartford, CT 06119.

_____
      Lori Rittman Clark

E:\WPDOCS\City of Hartford\Cody\shortened.version.reply.sj.wpd