UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

| | | |
|---|---|---|
| ANN CODY,     **Plaintiff,** | : | CIVIL ACTION NO. 3:02CV1789(SRU) |
| | : | |
| v. | | |
| | : | |
| CITY OF HARTFORD, et al     **Defendants.** | : | October 21, 2004 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

### I. INTRODUCTION

The Defendants have filed a Motion to Strike certain portions of the Plaintiff's Opposition to Defendants' Motion for Summary Judgment. The Plaintiff now submits this Opposition to the defendants' Motion to Strike.

### II. PROCEDURAL HISTORY

The Defendants filed a Motion for Summary Judgment in the present case. The plaintiff filed an Opposition to the Motion for Summary Judgment. The plaintiff also filed a Rule 56(a) (1) Statement of Material Facts in Dispute that specifically addressed each of the defendants Rule 56(a) (1) Statements. Each of the plaintiff's Rule 56(a) (1) Statement submissions set forth in "separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a) (1) Statement whether each of the facts asserted by the moving party is admitted or denied." Loc. R. Civ. P. 56(a) (2).

### III. ARGUMENT AND AUTHORITIES

    A.    <u>Legal Standard</u>

A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." <u>Newport Elec., Inc. v. Newport Corp.</u>, 157 F. Supp.2d 202, 208 (D.Conn. 2001). The moving party must be specific in regards to what it is seeking to have striken and must set forth reasons for why the materials should not be considered by the court. E.g., <u>FDIC v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986). A party can make a motion to strike affidavits if they are not made on the basis of personal knowledge. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639, 643 (2d Cir. 1988). A motion to strike can also be used to challenge documentary evidence that has not been properly authenticated. E.g., <u>Dedyo v. Baker Eng'g N.Y., Inc.</u>, 1998 WL 9376, at *4 (S.D.N.Y. Jan. 13, 1998). However, "the nonmoving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324-25 (1986).

Local Rule 56(a)(3) states, "Each statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. *The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e)*. Local R. Civ. P. 56(a) (3) (emphasis added).

B.   **The Court Should Not Strike Exhibits 2,3,5,6,7,8,12,13,19,20 and 21 to Plaintiff's  Local Rule 56(a)2 Statement.**

The defendants argue that the plaintiff's exhibits 2, 3, 5, 6, 7, 8, 12, 13, 19, 20, and 21 should be stricken because they have not been authenticated. The Exhibits were presented at depositions, were made exhibits at depositions in this case and were authenticated at such time, the majority of the exhibits were produced from the defendants, and the defendants have made such documents exhibits as part of their own Motions for Summary Judgment. The plaintiff's exhibits have been authenticated and the defendants' argument is unmerited. The defendants citation to <u>Keene v. Hartford Hospital</u>, 208 F. Supp. 2d 238 (D. Conn. 2002), is misplaced, in that the court granted the Motion to Strike certain exhibits because there was no opposition submitted to the Motion.

C.   **The Court Should Not Strike Paragraphs 6, 9,10,41,48,50,56,57 and 70 from Plaintiff's Statement of Material Facts in Dispute.**

Defendants claim that the Court should Strike Paragraphs 6, 9, 10, 41, 48, 50, 56, 57 and 70 because they rely exclusively on exhibits that have not been properly authenticated. As stated above, there is no legal basis for defendants' arguments and this evidence is not susceptible to Federal Rules of Evidence 401 or 901 nor Local Rule 56(a) 1-3 and should not be stricken. Therefore the Motion to Strike should be denied.

D.   **The Court Should Not Strike Paragraphs 24, 26, 29, 31, 37, and 38 of the Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute and Paragraphs 45, 52, 53, and 66 of the Plaintiff's Statement of Material Facts in Dispute.**

Defendants claim that the factual assertions in the itemized paragraphs should be stricken from the record. Defendants base this upon the allegation that these paragraphs cite to irrelevant evidence which does not support the fact.

Paragraph 24 indicates by way of an affidavit, that there was a loss of promotional opportunities available, this is supported by the record.  Paragraph 26 is supported by the record, by way of Defendants Exhibit A, p. 8, 11 and Plaintiff's Affidavit, Exhibit 14, that there was a difference between the responsibilities of a front desk duty officer and a CSO.  Additionally, Plaintiff testified that the transfer made her feel "very humiliated. Especially because I was doing just as good of a job as the males in the division. And I was the only female in there." Defendants Exhibit A, p. 150.

Paragraph 29 is supported by the record in that at Chief Rudewicz deposition, he testified that the investigation was not thorough as it did not investigate whether the transfer was discriminatory or improperly motivated by gender or age.  The investigation was not thorough or properly conducted because Acting Chief Jones should not have been assigned to investigate the plaintiff's complaint because Acting Chief Jones was responsible for approving and assessing the transfer initially, thus making Acting Chief Jones a witness to the transfer and should himself been under investigation, and not the investigator.

Paragraph 31 is supported by the record and is relevant in that , Chief Rudewicz testified that Jones did not investigate whether the transfer was discriminatory or improperly motivated by gender or age.

Paragraph 37 is supported by the record and is relevant by  Defendants' Exhibit A, pp. 35-37, in that plaintiff filed a grievance on the matter. As supervisors, defendants were accordingly aware of grievances filed against other officers.

Paragraph 38 is supported by the record and is relevant in that By way of Defendants' Exhibit A, pp. 35-37, Plaintiff denies, in that plaintiff filed a grievance on the matter. As supervisors, defendants were accordingly aware of grievances filed against other officers.

Paragraph 45 is supported by the record and is relevant in that, Chief Rudewicz testified that he did not direct Assistant Chief Jones to investigate whether the plaintiff's transfer was discriminatory and did not direct anyone else to investigate whether the transfer was legitimate because he assumed the transfer itself was proper.

Paragraph 52 is supported by the record and is relevant in that the Exhibit demonstrates that the court found in USA v. Reynaldo, a federal criminal case, that Lieutenant Manzi has committed perjury.

Paragraph 53 is supported by the record and is relevant in that the Exhibit demonstrates that the court found in According to USA v. Reynaldo Arroyo, a federal criminal case, Lieutenant Manzi's incredible testimony resulted in a reversal of a guilty jury verdict.

Paragraph 66 is supported by the record and is relevant in that the Exhibit demonstrates that the court found in By way of deposition, Chief Rudewicz testified that Assistant Chief Jones was not directed to investigate whether the plaintiff's transfer was discriminatory and did not direct anyone else to investigate whether the transfer was legitimate because he assumed the transfer itself was proper.

### E. The Court Should Not Strike Paragraph 62 of the Plaintiff's Statement of Material Facts in Dispute.

Defendants argue that paragraph 62 of plaintiff's Rule 56(a) (2) Statement should be stricken because the supporting deposition testimony is not based on the personal knowledge of the deponent. The testimony is based upon personal knowledge. Furthermore, paragraph 62 is supported by Defendants' Exhibit A, pp. 127. Defendants have made such documents exhibits as part of their own Motions for Summary Judgment, therefore, the Defendants' argument is unmerited.

## IV. CONCLUSION

For all the foregoing reasons, the Plaintiff asks that Defendants' Motion to Strike be denied.

>THE PLAINTIFF,


>BY:_____
>Erin I. O'Neil, Esq.
>Brewer & O'Neil
>818 Farmington Avenue
>West Hartford, CT 06119
>(860)523-4055
>Federal Bar #ct23073